Filed 10/19/15  P. v. Huffman CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOHN EDWARD HUFFMAN,<br><br>        Defendant and Appellant. | A142785<br><br>(Del Norte County<br>Super. Ct. No. 96056C) |

**I.**

Appellant John Edward Huffman appeals from the denial of his motion for resentencing under Penal Code section 1170.126,[1] the Three Strikes Reform Act of 2012 (Proposition 36).  He contends on appeal that the court erred in denying his motion because: (1) he was not present at the resentencing hearing despite his not having waived his right to be present; (2) his counsel provided ineffective assistance of counsel in connection with the resentencing motion and hearing; and (3) the trial court erred in applying retroactively the definition of "unreasonable risk of danger to public safety" set out in Proposition 47 to his section 1170.126 petition.

Respondent concedes it was reversible error for the trial court to proceed with the disposition of the resentencing petition without appellant's presence and in the absence of a valid waiver.  Accordingly, we reverse the order denying the petition and remand the case to the superior court for a new hearing on the petition.  Because we reverse on this

---

[1]  All further undesignated statutory references are to the Penal Code.

1

procedural ground, we need not, and do not, address the alternative grounds asserted for reversal.

## II.

In 1996 appellant was first charged in an information filed by the Del Norte County District Attorney with taking or driving a motor vehicle without the consent of the owner (Veh. Code, § 10851). He was also charged under the Three Strikes law with having two prior 1991 Oregon convictions: attempted rape and attempted sodomy.

In May 1996, following his conviction for this offense by a jury, the court sentenced him to 25 years to life under the Three Strikes law. The judgment and sentence were appealed to this court, which were subsequently affirmed in a nonpublished opinion (*People v. Huffman* (Mar. 12, 1997, A074731)).

In June 2013, appellant initiated resentencing proceedings under Proposition 36 by filing a request for appointment of counsel, stating that he "need[ed] attorney [*sic*] for Prop. 36 writ of Habe[as] Corpus . . . ." On April 7, 2014, appellant, who was then represented by counsel, filed a petition for recall of sentence pursuant to section 1170.126, alleging that he is eligible for resentencing because (1) he is serving a third-strike sentence for a conviction of a felony that is not defined as "serious" or "violent," (2) his current sentence was not imposed for an offense appearing in section 667, subdivision (e)(2)(C)(i)-(iii) or section 1170.12, subdivision (c)(2)(C)(i)-(iii); and (3) he has no prior convictions for any such offenses.

Four days later, on April 11, 2014,[2] a hearing was held before the Honorable Chris Doehle. Appellant was then represented by attorney Dale Trigg. Appellant was not personally present at the hearing, but defense counsel indicated that counsel would waive appellant's presence at the hearing on the petition if the prosecution stipulated to a finding that appellant did not pose an unreasonable risk of danger, and "the court [would] be in a position to just resentence him without him being here at that time[.]" Because appellant had already served his time if resentenced as a two-strike defendant, the court

---

[2] All further dates are in the calendar year 2014 unless otherwise indicated.

indicated "it would be my anticipation if he's resentenced at that time there would be an order that he be released." The matter was put over to May 2 for a further hearing.[3]

A further hearing on the petition took place on August 4.[4] This time appellant was represented by new counsel, Karen Olson, and the prosecution appeared through Deputy Attorney General Brian Newman. Ms. Olson reiterated that the file indicated appellant had waived his presence through counsel for resentencing: "It's anticipated he will be resentenced and he'll be released." Mr. Newman stated that it appeared to him that a sentencing hearing was contemplated and that appellant would not waive his personal appearance. Newman indicated too that a telephonic appearance by him might be appropriate inasmuch as "[i]t sounds like there—this is mostly a technical issue is just what I'm gathering from the court." The court stated its intention to set a hearing and to take steps to have appellant transported from custody to attend the hearing. The matter was put over to August 12.

The August 12 hearing began by the court reciting that Ms. Olson had waived appellant's presence at the hearing. Mr. Newman then made the following statement: "Your Honor, until the court called my office a moment ago I did not know about this case and had not looked inside of the file, so I am completely unable to respond to any questions or argue in any fashion or concede the argument because I just don't have anything to do it with."

In light of the prosecutor's comment, the court continued the hearing again to the following day—August 13.

The next day, the court again recited without inquiry that appellant "is incarcerated and his presence has been waived for the purpose of today's hearing." In calling on Mr. Newman to comment on the petition, the prosecutor for the first time

---

[3] At the May 2 hearing, the court simply received a report from the prosecution and the matter was taken under submission.

[4] The clerk's transcript indicated the hearing was held on August 4, while the reporter's transcript indicated the hearing was on August *14.* In the context of the rest of the trial court record, it appears the clerk's transcript is correct and the reporter's transcript is in error.

3

indicated his opposition to the petition, arguing that appellant posed an unreasonable danger to the public should he be released from prison. Counsel then proceeded to discuss at considerable length those factors gleaned from the file which supported his opposition to the petition.

At the conclusion of both counsels' remarks, the court denied the petition.

## III.

Although reciting that appellant had waived his presence at the hearing on his resentencing petition, no such waiver appears in the record. In fact, at times during the numerous hearings there were indications that no waiver had been made and that arrangements were being made to have appellant transported from custody to attend the hearing. At best, it appears that any consideration of waiver was occasioned by the expectation that the prosecution would not oppose the petition, and that the court would similarly find him to be suitable for resentencing and release.

Of course, there is no question that appellant had a right to attend the resentencing hearing. The resentencing scheme under the Three Strikes Reform Act of 2012 specifically contemplates a personal appearance by the petitioner: "(i) Notwithstanding subdivision (b) of Section 977, a defendant petitioning for resentencing may waive his or her appearance in court for the resentencing, provided that the accusatory pleading is not amended at the resentencing, and that no new trial or retrial of the individual will occur. The waiver shall be in writing and signed by the defendant." (§ 1170.126, subd. (i).)

Respondent not only concedes error, but also that prejudice occurred from appellant's absence from the resentencing hearing. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 258.) We agree. Therefore, the order denying appellant's resentencing petition is vacated and this matter is remanded for a rehearing either with appellant present, or with his waiver duly noted and filed with the court.

4

## IV.

## DISPOSITION

The order denying appellant's resentencing petition is vacated and this matter is remanded for a rehearing either with appellant present, or with his waiver duly noted and filed with the court.

_____
RUVOLO, P. J.

We concur:

_____
REARDON, J.

_____
STREETER, J.