Filed 7/12/21  P. v. Dominguez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VINCENT HINIGIO DOMINGUEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B311495<br>(Super. Ct. No. 1354861)<br>(Santa Barbara County) |

Vincent Hinigio Dominguez appeals from the trial court's postjudgment order denying his motion to set aside an unauthorized sentence.

In 2012, Dominguez pled guilty to second degree robbery (Pen. Code,[1] §§ 211, 212.5, subd. (c)), and admitted that he committed his crime for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)).  He also admitted that he had suffered a 2008 conviction for committing assault with a deadly weapon

---

[1] Statutory references are to the Penal Code.

(§ 245, subd. (a)(1)), a crime that qualified as a prior "strike" (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)).  The trial court sentenced him to 16 years in state prison for his crime:  the middle term of three years on the robbery, doubled to six years due to the prior strike, plus a consecutive 10 years on the gang enhancement.

In 2020, Dominguez petitioned for a reduction of his sentence to 13 years, arguing that his 2008 assault conviction did not qualify as a prior strike.  He also argued that counsel provided ineffective assistance during the 2012 plea proceedings. The trial court summarily denied the petition because the judgment in Dominguez's case was already final.

We appointed counsel to represent Dominguez in this appeal.  After examining the record, counsel filed an opening brief that raises no arguable issues.  We then advised Dominguez that he had 30 days to personally submit a supplemental brief raising any contentions or issues he wished us to consider.

In his brief, Dominguez reiterates his argument that the sentence imposed after his 2012 plea was unauthorized because his 2008 assault conviction does not categorically qualify as a strike.[2]  (See *People v. Rodriguez* (1998) 17 Cal.4th 253, 261-262.)  But in the motion he filed with the trial court, Dominguez admitted that his 2008 conviction was for *assault with a deadly weapon*.  (Italics added.)  That crime qualifies as a strike.  (*People v. Hudson* (2018) 28 Cal.App.5th 196, 203.)  And the court was permitted to consider Dominguez's admission in determining whether he had suffered a prior strike conviction.  (*People v. Gallardo* (2017) 4 Cal.5th 120, 136.)  Because he submitted no

---

[2] Dominguez does not renew his argument that counsel was ineffective during the 2012 plea proceedings.

evidence to counter that admission, denial of his motion was proper. (*People v. Smithey* (1999) 20 Cal.4th 936, 971-972 [appellate court affirms trial court ruling, not its rationale].)

DISPOSITION

The trial court's order denying Dominguez's motion to set aside an unauthorized sentence, entered December 22, 2020, is affirmed.

NOT TO BE PUBLISHED.


TANGEMAN, J.


We concur:


GILBERT, P. J.


YEGAN, J.

3

John F. McGregor, Judge

Superior Court County of Santa Barbara

_____

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.