Filed 7/21/22  P. v. Dennis CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>       Plaintiff and Respondent,<br><br>v.<br><br>ROME ROBERT DENNIS,<br><br>       Defendant and Appellant. | C093986<br><br>(Super. Ct. No. 15F00662) |

A jury convicted defendant Rome Robert Dennis on two counts of robbery, and in a bifurcated proceeding, the trial court found "true" prior serious felony and strike allegations.

In our prior unpublished opinion, we rejected defendant's claim that the trial court abused its sentencing discretion in failing to strike one or both of his prior strike convictions pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).  (See *People v. Dennis* (Dec. 31, 2019, C082634) [nonpub. opn.].)  But we agreed with defendant that he was entitled to "the opportunity to argue to the trial court

1

that it should exercise its newly authorized discretion" "to strike one or both of the prior serious felony enhancements imposed under Penal Code section 667, subdivision (a)."[1]

On remand, the trial court struck the prior serious felony enhancements that it had previously imposed and appeared to decline to conduct a new *Romero* analysis.

Defendant appeals from resentencing, arguing the trial court erred when it declined to conduct a full resentencing hearing on remand from his prior appeal. He further contends that, on remand to the trial court from *this* appeal, the trial court must consider recent legislation when resentencing him. We will affirm.

BACKGROUND

In January 2015, defendant entered a bank and "scribbled a note on a business card and slid it across for [a bank employee] to read. The note said, 'It's a robbery. I need 9.' Defendant then stated he needed $9,000 and told [the bank employee] he had a gun and a bomb." Defendant left the bank with nearly $3,000.

"An amended information charged defendant with two counts of robbery, and alleged two prior serious felony convictions that also constituted strikes within the meaning of the three strikes law. (§§ 667, subd. (a), 667, subd. (b)-(i), 1170.12.)" "The jury found defendant guilty of all charges. In a bifurcated proceeding, the court found the prior serious felony and strike allegations true. Prior to sentencing, defendant submitted a statement in mitigation asking the court to strike his prior strikes, arguing the court should grant him leniency because he had been self-medicating a mental illness or disability that did not amount to a defense and that he was 'not "in the spirit" ' of the three strikes law. . . . [¶] The court sentenced defendant to an aggregate term of 35 years to life calculated as follows: an indeterminate term of 25 years to life for each robbery conviction, to be served concurrently, and a consecutive 10-year sentence imposed for

---

[1]     Undesignated statutory references are to the Penal Code.

2

two prior serious felony convictions attached to count 1. The court stayed the prior serious felony conviction enhancements on count 2."

Defendant timely appealed, and we rejected his claim that the trial court abused its sentencing discretion in failing to strike one or both of his prior strike convictions pursuant to *Romero, supra*, 13 Cal.4th 497. But we agreed with defendant that because Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1013, §§ 1-2) applied retroactively to his case, defendant was entitled to "the opportunity to argue to the trial court that it should exercise its newly authorized discretion" "to strike one or both of the prior serious felony enhancements imposed under [ ] section 667, subdivision (a)."

At a February 2021 hearing on remand, defense counsel urged the trial court to conduct "a full plenary sentence" because it "ha[d] the authority to do a *Romero* motion."

The trial court said, "We are here today solely for the purpose of defendant's request to strike one or both of the [ ] Section 667(a) enhancements. The Court had already ruled and considered the prior convictions issue. The Court will stand on that. [¶] . . . [¶] However, *when I reflect back to my thoughts about your sentencing*, I do feel the sentence you received regarding the prior convictions *was appropriate* based on your criminal history and [the] Court's obligation to take into account the safety and security of the community as a whole.

"I *do* feel that the harsh sentence of 25 to life was reflective of the criminal history and the conduct. I do *not* think the additional 10 years adds or subtracts from the indeterminate sentence imposed. I believe if I had the discretion at the time, I surely would have considered striking those enhancements. [¶] Now that the Court has this discretion, I will exercise that discretion and strike both five-year enhancements pursuant to [ ] Section 667.5(a)." (Italics added.)

Accordingly, the trial court sentenced defendant to an aggregate term of 25 years to life consisting of an indeterminate term of 25 years to life for each robbery conviction,

to be served concurrently (now *without* the consecutive 10-year sentence previously imposed for two prior serious felony convictions).

Defendant timely appealed.

## DISCUSSION

### I

Defendant argues the trial court erred by "declin[ing] to conduct a full resentencing hearing, including consideration of [defendant's] renewed *Romero* motion." The People argue "the trial court did consider" defendant's "renewed *Romero* request to dismiss his strikes" and "simply was not persuaded."

We conclude that by exercising its discretion to strike defendant's five-year prior serious felony enhancements and resentencing defendant, the trial court thereby was required to conduct a full resentencing. We further conclude that remand is not required in this case, because the trial court clearly indicated when it resentenced defendant that it would not in any event have stricken defendant's prior strikes.

A reviewing court "may properly remand [a matter] to permit the trial court to make the threshold determination of whether to exercise its discretion in defendant's favor without necessarily requiring resentencing unless the court does act favorably." (*People v. Rodriguez* (1998) 17 Cal.4th 253, 258; cf. *People v. Cervantes* (2021) 72 Cal.App.5th 326, 332 [by ordering the matter " 'remanded to allow the trial court to exercise its discretion to strike . . . enhancements,' " "[w]e did not vacate the sentence in any way—resentencing was ultimately not required"].) When resentencing on remand, the trial court has jurisdiction to modify *every* aspect of the sentence. (See *People v. Buycks* (2018) 5 Cal.5th 857, 893 [explaining the " 'full resentencing rule' "].) "When being sentenced, a defendant is entitled to decisions made by a court exercising informed discretion. [Citation.] A court acting while unaware of the scope of its discretion is understood to have abused it. [Citation.]" (*People v. Tirado* (2022) 12 Cal.5th 688, 694.)

4

Here, when the trial court on remand exercised its discretion in defendant's favor by striking the five-year prior serious felony enhancements, it triggered the "full resentencing rule," and was obliged to consider defendant's request that it strike his prior strikes pursuant to *Romero*. Accordingly, to the extent the trial court declined to *consider* defendant's *Romero* request, it erred.

But that is not the end of the matter because remand is not required if "the record shows that the trial court clearly indicated when it . . . sentenced the defendant that it would not in any event have" given defendant the relief he seeks even if the trial court had been aware of its discretion. (*People v. McDaniels* (2018) 22 Cal.App.5th 420, 425; see *People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.)

Defendant seeks remand for reconsideration of his *Romero* request, arguing that "[o]n this record it cannot be said with confidence that the resentencing judge would have declined to strike one of the strike priors" and that "[t]he change in circumstances between the 2016 sentencing hearing and the 2021 resentencing warrant a reconsideration of the *Romero* motion." But the trial court clearly indicated when it resentenced defendant on remand that it would not have stricken defendant's prior strikes even if it had been aware of its discretion to do so.

Though some of the trial court's remarks on remand suggest that it declined to entertain defendant's *Romero* request, the trial court told defendant, "[W]hen I reflect back to my thoughts about your sentencing, I do feel the sentence you received regarding the prior convictions was appropriate based on your criminal history and [the] Court's obligation to take into account the safety and security of the community as a whole," and "I do feel that the harsh sentence of 25 to life was reflective of the criminal history and the conduct." Those remarks—especially when viewed in light of comments the trial court made when it struck defendant's five-year prior serious felony enhancements (e.g., "I believe if I had the discretion at the time, I surely would have considered striking those enhancements")—are a clear indication that the trial court would not have stricken

5

defendant's prior strikes even if it had been aware of its discretion to strike them at resentencing on remand.

## II

In supplemental briefing, defendant argues Senate Bill No. 81 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 721, § 1) (Senate Bill 81) "applies to this appeal both under *In re Estrada* [(1965) 63 Cal.2d 740] and under . . . *Western Security Bank v. Superior Court* [(1997) 15 Cal.4th 232], and requires . . . remand[ ] to the trial court for resentencing."

The People argue Senate Bill 81 does *not* apply to defendant's case (1) retroactively under *In re Estrada* because language in the law specifies that it "applies to sentencings that occur on or after January 1, 2022"; and (2) because Senate Bill 81 applies only to "enhancements," and defendant's sentence "no longer includes sentencing enhancements." The People do not address in their supplemental briefing the applicability of *Western Security* and its discussion of the distinction between a "change in the law" versus "a clarification of the state of the law." (*Western Security Bank v. Superior Court, supra*, 15 Cal.4th at p. 246; see *id*. at p. 243.)

We agree with the People that Senate Bill 81 is inapplicable here, where defendant's sentence does not include any enhancements. Accordingly, we need not address the applicability of principles articulated in *In re Estrada* and *Western Security*.

Senate Bill 81 "became effective on January 1, 2022," and amended section 1385 "to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice." (*People v. Sek* (2022) 74 Cal.App.5th 657, 674; see Stats. 2021, ch. 721, § 1.) Section 1385, subdivision (c) now provides: "(1) Notwithstanding any other law, the court shall dismiss an *enhancement* if it is in the furtherance of justice to do so, except if dismissal of that *enhancement* is prohibited by any initiative statute. [¶] (2) In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances . . . are present.

Proof of the presence of one or more of these circumstances weighs greatly in favor of dismissing the *enhancement*, unless the court finds that dismissal of the enhancement would endanger public safety.  [¶]  . . .  [¶]  (7) This subdivision shall apply to sentencings occurring after the effective date of the act that added this subdivision." (Italics added.)

While Senate Bill 81 addresses "enhancements," the "Three Strikes law is a penalty provision, *not an enhancement*.  It is *not an enhancement* because it does not add an additional term of imprisonment to the base term.  Instead, it provides for an alternate sentence . . . when it is proven that the defendant has suffered . . . prior serious felony convictions.  (See, e.g., [*Romero, supra*,] 13 Cal.4th [at p.] 527 ['The Three Strikes law . . . articulates an alternative sentencing scheme for the current offense rather than an enhancement.'].)"  (*People v. Williams* (2014) 227 Cal.App.4th 733, 744, italics added.)[2]

Thus, by its plain language, Senate Bill 81 does not apply to defendant's sentence, which now includes no enhancements.[3]  Accordingly, we need not analyze whether the law applies to defendant's sentence (a) retroactively pursuant to *In re Estrada* or (b) as a "clarification" of law pursuant *Western Security*.

---

[2]    We presume the Legislature, when it passed Senate Bill 81, was aware of the distinction drawn by our Supreme Court (and followed by California's intermediate appellate courts) between an alternative sentencing scheme and an enhancement.  (Cf. *People v. Blakeley* (2000) 23 Cal.4th 82, 89 [the "Legislature is presumed to have known of and to have acquiesced in the previous judicial construction" when amending a statute].)

[3]    Because the language of Senate Bill 81 is clear and unambiguous, we follow that plain meaning.  (See *People v. Canty* (2004) 32 Cal.4th 1266, 1276; *Hughes v. Pair* (2009) 46 Cal.4th 1035, 1046 [if statutory language "is susceptible of only one meaning," courts presume the Legislature meant what it said, and the plain meaning of the statute controls].)  Accordingly, we need not, and do not, wade into the parties' competing analyses of the legislative history.

7

## III

Because we will not remand for resentencing, we need not address defendant's argument in supplemental briefing that Assembly Bill No. 1540 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 719, §§ 1-7) "provides general guidance regarding factors to be considered upon resentencing."

## DISPOSITION

The judgment (sentence) is affirmed.


      KRAUSE      , J.


We concur:


      HOCH      , Acting P. J.


      RENNER      , J.