Filed 5/17/23  P. v. Arellano CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>EDGAR ARELLANO,<br><br>     Defendant and Appellant. | B319570<br><br>(Los Angeles County<br>Super. Ct. No. KA112598) |

APPEAL from a postjudgment order of the Superior Court of Los Angeles County, Juan Carlos Dominguez, Judge. Affirmed.

Anna Rea, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy

Attorney General, and Daniel C. Chang, Deputy Attorney General, for Plaintiff and Respondent.

———————————

Edgar Arellano was convicted in 2017 of residential burglary with a person present (Pen. Code, §§ 459, 667.5, subd. (c)(21))[1] with a prior strike (§§ 667, subds (b)-(i), 1170.12) and two prior serious felony convictions (§ 667, subd. (a)) and sentenced pursuant to a negotiated plea agreement to 22 years in state prison—a sentence that included the upper term of six years on the aggravated burglary count (doubled as a result of the prior strike conviction).  On January 12, 2022 Arellano filed a petition for resentencing, citing Senate Bill No. 567 (Stats. 2021, ch. 731, § 1.3) (Senate Bill 567), which, effective January 1, 2022, amended section 1170, subdivision (b), to limit a trial court's discretion to impose the upper term of the triad (lower, middle or upper term of imprisonment) under California's determinate sentencing law.  The superior court denied the petition, ruling Arellano was ineligible for relief because his conviction had become final before the effective date of Senate Bill 567 and he had been sentenced pursuant to the terms of a negotiated agreement.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Arellano's Conviction and First Petition for Resentencing*

In April 2016 Arellano was arrested after he entered the dormitory room of a female college student while she was sleeping.  While in the room, Arellano removed some of the student's undergarments from a laundry hamper.  Arellano was

———————————

[1]     Statutory references are to this code.

2

not a student at the college and did not have permission to be in the dormitory.

In January 2017, pursuant to a negotiated agreement, Arellano pleaded no contest to first degree burglary with a person present and admitted a 1999 first degree burglary conviction as a prior strike and 1999 and 2002 first degree burglary convictions as prior serious felony convictions under section 667, subdivision (a)(1).  He was sentenced to an aggregate state prison term of 22 years, consisting of the six-year upper term for residential burglary, doubled, plus two five-year terms for the prior serious felony enhancements.

This court affirmed Arellano's conviction on November 29, 2017.  (*People v. Arellano* (Nov. 29, 2017, B281513) [nonpub. opn.] (*Arellano I*).)  Arellano's petition for review in the California Supreme Court (S246344) was denied on February 14, 2018. His petition for writ of certiorari with the United States Supreme Court was denied April 22, 2019, at which time the judgment became final.  (See *People v. Buycks* (2018) 5 Cal.5th 857, 876, fn. 5 ["[a] judgment becomes final when the availability of an appeal and the time for filing a petition for certiorari with the United States Supreme Court have expired"].)

On June 5, 2019 Arellano petitioned for resentencing under Senate Bill No. 1393 (Stats. 2018, ch. 1013, §§ 1 & 2), which, effective January 1, 2019, allowed the trial court to exercise its discretion to strike or dismiss section 667, subdivision (a), prior serious felony enhancements.  The superior court denied the motion, ruling Senate Bill No. 1393 was not retroactive and, in any event, did not apply when the defendant had agreed in a negotiated plea to a specific prison term that included those enhancements.

3

While Arellano's appeal of that denial was pending in this court, the Supreme Court decided *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*), holding Senate Bill No. 1393 applied to any case not yet final on appeal on its effective date; a defendant sentenced pursuant to a negotiated plea agreement need not obtain a certificate of probable cause to claim on appeal the new law applies to him or her; Senate Bill No. 1393 applied to negotiated sentences, at least to a limited extent; but, if the trial court was inclined to exercise its discretion not to impose a prior serious felony enhancement that was part of a negotiated sentence, the prosecutor was entitled to withdraw assent to the plea agreement. Based on *Stamps*, we reversed the postjudgment order denying Arellano's motion for resentencing and remanded the matter to provide Arellano the opportunity to ask the trial court to exercise its discretion not to impose the prior serious felony enhancements and, if such a request was made, for the parties and the trial court to follow the process approved in *Stamps*. (*People v. Arellano* (Sept. 14, 2020, B300847) [nonpub. opn.] (*Arellano II*).)

On remand the superior court denied Arellano's request to strike the prior serious felony enhancements from the agreed-upon sentence. We affirmed that order, finding no cognizable issues had been raised or identified in our own independent review of the record. (*People v. Arellano* (Jan. 26, 2022, B314434) [nonpub. opn.] (*Arellano III*).)

2. *Arellano's Second Petition for Resentencing*

On January 12, 2022 Arellano filed a petition for resentencing under Senate Bill 567. Arellano contended he was entitled to a hearing to allow the court to consider whether to resentence him in accordance with Senate Bill 567's amendments

4

to section 1170, subdivision (b), which limited the authority of the trial court to impose a sentence exceeding the middle term. He also noted that Assembly Bill No. 1618 (Stats. 2019, ch. 586, § 1), added section 1016.8, effective January 1, 2020, providing, in part, that future beneficial changes in sentencing laws could not be denied to an individual who was convicted pursuant to a negotiated plea agreement.

The superior court called the matter on January 31, 2022 without Arellano being present or represented by counsel and denied the petition. The court ruled, "Defendant's sentence is pursuant to an agreed upon disposition between the defense and the People. [¶] SB 567 does not apply to cases 'final' when law was enacted."

Arellano filed a timely notice of appeal.

## DISCUSSION

1. *Senate Bill 567's Amendments to Section 1170*

When Arellano pleaded no contest in 2017, section 1170, subdivision (b), provided, "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (Stats. 2020, ch. 29, § 14.) Pursuant to Senate Bill 567, effective January 1, 2022, the Legislature amended section 1170, subdivision (b), to provide, "(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2). [¶] (2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment

5

exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (Stats. 2021, ch. 731, § 1.3.) The court, however, "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)[2] Senate Bill 567's amendments were intended "to limit the sentencing discretion of trial courts" and to "potentially lessen punishment for defendants sentenced to the upper term on an offense." (*People v. Zabelle* (2022) 80 Cal.App.5th 1098, 1108, 1109.)

The ameliorative provisions of Senate Bill 567 apply retroactively to judgments that were not final as of January 1, 2022. (*People v. Zabelle, supra,* 80 Cal.App.5th at p. 1109; *People v. Flores* (2022) 73 Cal.App.5th 1032, 1039; see *People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 308 ["'in the absence of contrary indications, a legislative body ordinarily intends for ameliorative changes to the criminal law to extend as broadly as possible, distinguishing only as necessary between sentences that

---

[2]     As discussed, with his plea in 2017 Arellano admitted he had committed two prior serious felonies (first degree burglary in 1999 and 2002). However, the record on appeal does not allow us to determine whether other aggravating factors not admitted by Arellano—for example, that the victim, a college student asleep in her dormitory room, was particularly vulnerable or the crime involved planning or sophistication (see Cal. Rules of Court, rule 4.421(a)(3), (8))—also played a role in the People's agreement to, and the trial court's approval of, a disposition including an upper term for the current burglary offense.

are final and sentences that are not'"]; see also *In re Estrada* (1965) 63 Cal.2d 740, 744-745.)

> 2. *This Court Has Jurisdiction To Consider the Issue of Finality Raised by Arellano's Appeal*

Citing *People v. King* (2022) 77 Cal.App.5th 629 (*King*), the Attorney General argues, because Arellano's judgment of conviction was final as of April 22, 2019 and remained final notwithstanding our September 2020 remand in *Arellano II*, the superior court lacked jurisdiction to rule on Arellano's nonstatutory petition for resentencing (although, as discussed, the superior court did not dismiss Arellano's petition on that ground) and, as a consequence, this court also lacks jurisdiction to entertain Arellano's appeal. But this is not a case like *People v. Torres* (2020) 44 Cal.App.5th 1081 or *People v. Fuimaono* (2019) 32 Cal.App.5th 132 where the defendant's request for modification of his sentence to benefit from new ameliorative sentencing rules was concededly made long after the judgment in the case was final and without any statutory authorization. The Attorney General does not contend—and we do not believe—the superior court lacked jurisdiction to consider the applicability of Senate Bill 567 to Arellano's stipulated sentence in light of *Stamps*, *supra*, 9 Cal.5th 685 if the judgment in his case was not final as of January 1, 2022. At the very least, therefore, the superior court necessarily had jurisdiction to consider whether the 2017 judgment was final; and, similarly, we have jurisdiction to decide that issue in order to determine our own jurisdiction. (See generally *California Redevelopment Assn. v. Matosantos* (2011) 53 Cal.4th 231, 252 ["we have an independent obligation in this as in every matter to confirm whether jurisdiction exists"]; *Kirk v. Ratner* (2022) 74 Cal.App.5th 1052, 1060 [same].)

7

Nothing in *King, supra,* 77 Cal.App.5th 629 is to the contrary. The incarcerated defendant in *King* moved to vacate an unauthorized sentence well after the judgment was final and he had begun serving the sentence, relying on the rule that an unauthorized sentence may be corrected at any time. (*Id.* at pp. 633-634.) Our colleagues in Division Two of this court held the unauthorized sentence rule is an exception to the waiver doctrine (that is, that a defendant generally forfeits an objection not properly made in the trial court at the time an alleged error was committed), but not to the requirement the court must have jurisdiction before it may act. (*Id.* at p. 635 ["Such a sentence may be challenged at any time, even after a judgment of conviction has become final, and even if the judgment has already been affirmed on appeal. [Citation.] However, 'to invoke this rule the court must have jurisdiction over the judgment'"]; accord, *In re G.C.* (2020) 8 Cal.5th 1119, 1130.) As *King* explained, "[T]he unauthorized sentence doctrine does not itself create jurisdiction for a trial court to rule on an incarcerated defendant's motion to correct an alleged illegal sentence after the conviction is final and after the execution of the sentence has begun." (*King,* at pp. 641-642.)

Applying the general rule that, "'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence,'" *King* then held a "freestanding motion challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief. A motion is not an independent remedy, but must be attached to some ongoing action." (*King, supra,* 77 Cal.App.5th at p. 640; accord, *People v. Torres, supra,* 44 Cal.App.5th at p. 1084.) Finally, quoting from the decision in *Torres* at

page 1084, *King* held, "'[I]f the trial court does not have jurisdiction to rule on a motion to vacate or modify a sentence, an order denying such a motion is nonappealable, and any appeal from such an order must be dismissed,'" and dismissed King's appeal.  (*King*, at pp. 634, 641; see *People v. Loper* (2015) 60 Cal.4th 1155, 1165-1166 [because the defendants in the cases cited by the Attorney General moved for resentencing more than 120 days after their commitment and the trial courts lacked jurisdiction to resentence them on their own motion, "their refusal to act on a defective defense motion for resentencing could not have affected any legal rights the defendants in those cases possessed, and the appellate courts properly dismissed the appeals"]; *People v. Fuimaono, supra*, 32 Cal.App.5th at p. 135 ["Because the trial court lacked jurisdiction to modify defendant's sentence, denial of his motion to modify his sentence could not have affected his substantial rights.  [Citation.]  Accordingly, the 'order denying [the] motion to modify sentence is not an appealable order,' and the appeal must be dismissed"].)[3]

---

[3]     The *King* court explained the incarcerated defendant in the case before it could seek to correct his unauthorized sentence through a petition for writ of habeas corpus.  (*King, supra*, 77 Cal.App.5th at p. 640.)  In his opening brief Arellano requests we treat his appeal as a petition for writ of habeas corpus and consider the merits of his position if we were to find the superior court's January 31, 2022 order was not appealable.  Unquestionably we would have jurisdiction to do so.  (Cf. *People v. Buycks, supra*, 5 Cal.5th at p. 895 ["'habeas corpus proceedings may provide a vehicle to obtain relief limited to a new sentencing hearing in the original criminal action, which may result in a different sentence'"].)

Before dismissing the appeal, however, the *King* court emphasized, "Our holding here is necessarily limited to the circumstances of this case, involving a motion filed by an incarcerated defendant seeking a substantive change to his sentence after his conviction has become final and where the trial court did not otherwise have jurisdiction." (*King*, *supra*, 77 Cal.App.5th at p. 641.)

Unlike the appellant in *King*, Arellano challenges the superior court's finding his judgment of conviction was final as of April 22, 2019 and, with that, disputes the Attorney General's contention the superior court had no jurisdiction to consider his petition for resentencing—a somewhat different issue from whether a defendant whose judgment is final may benefit from Senate Bill 567's ameliorative changes to California's determinate sentencing law, which was the question addressed in the superior court's ruling. Arellano had the right to assert his conviction was not final prior to January 1, 2022 in the superior court and to appeal to this court the superior court's adverse finding, the resolution of which may affect his substantial rights. (See § 1237, subd. (b) [an appeal may be taken by a defendant from "any order made after judgment, affecting the substantial rights of the party"]; *Teal v. Superior Court* (2014) 60 Cal.4th 595, 600 ["a postjudgment order 'affecting the substantial rights of the party' [citation] does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto"].)

3. *Arellano's Judgment of Conviction Remained Final as of April 22, 2019 Notwithstanding Our Remand Under* Stamps

As discussed, on June 5, 2019 Arellano petitioned for resentencing under Senate Bill No. 1393. In *Arellano II*, *supra*, B300847, we held, because the United States Supreme Court did not deny Arellano's petition for writ of certiorari seeking review of our decision in *Arellano I*, *supra*, B281513, until April 22, 2019, the judgment was not yet final on January 1, 2019 when Senate Bill No. 1393 became effective. Accordingly, pursuant to *Stamps*, *supra*, 9 Cal.5th 685, we reversed the order denying Arellano's petition for resentencing and remanded the matter "with directions to the superior court to consider Arellano's request, if he elects to make one, to reduce his sentence by dismissing one or both the prior serious felony enhancements previously imposed and, if a request is made, to follow the process described by the Supreme Court in *Stamps*."

Following issuance of our remittitur in *Arellano II*, Arellano asked the court to exercise its discretion to strike the two prior serious felony enhancements it had imposed in 2017. The court denied Arellano's request on June 2, 2021, and we affirmed that order in *Arellano III*, *supra*, B314434, on January 26, 2022. The California Supreme Court denied Arellano's petition for review on April 13, 2022 (S273539). The United States Supreme Court denied his petition for writ of certiorari on January 26, 2023.

Because the proceedings on his request pursuant to the procedure established in *Stamps*, *supra*, 9 Cal.5th 685 were still pending on January 1, 2022, Arellano contends his judgment of conviction was no longer final on that date and he is entitled to the benefit of Senate Bill 567's ameliorative provisions restricting

11

the authority of the superior court to impose an upper term sentence absent jury findings or an admission by the defendant. To support this argument Arellano cites only the Supreme Court's recent decision in *People v. Padilla* (2022) 13 Cal.5th 152 (*Padilla*)—a case that stood in a very different posture from Arellano's.

In *Padilla* the Supreme Court held the presumption of retroactivity for legislation that lessens criminal sanctions applied to a defendant whose judgment had become final on direct review but was subsequently vacated for resentencing during habeas corpus proceedings. (*Padilla*, *supra*, 13 Cal.5th at pp. 158-159.) The Court explained, "A case is final when 'the criminal proceeding as a whole' has ended [citation] and 'the courts can no longer provide a remedy to a defendant on direct review' [citation]. When Padilla's sentence was vacated, the trial court regained the jurisdiction and duty to consider what punishment was appropriate for him, and Padilla regained the right to appeal whatever new sentence was imposed. His judgment thus became nonfinal." (*Id.* at pp. 161-162.)

Unlike the habeas proceedings in *Padilla*, before we returned Arellano's case to the superior court in *Arellano II*, we did not vacate his sentence; and following remand the superior court had no duty to resentence Arellano. To the contrary, absent a request by Arellano pursuant to the procedure outlined in *Stamps*, no further proceedings would have occurred at all. Once made, Arellano's request that the superior court modify his 2017 sentence by striking one or both five-year prior serious felony enhancements was just that—a request that the sentence be vacated and he be resentenced. Because that request was rejected, there was no new sentencing hearing. Accordingly, the

12

original judgment of conviction remained final as of April 22, 2019 when direct review was completed, well before the effective date of Senate Bill 567.  (See *Padilla*, *supra*, 13 Cal.5th at p. 162 ["[m]erely filing a collateral attack does not make the judgment nonfinal"]; *People v. Guillory* (2022) 82 Cal.App.5th 326, 335-336 ["An order to show cause under section 1172.6 does not vacate the petitioner's sentence but, like the habeas corpus petition in *Padilla*, sets in motion proceedings to determine whether the petitioner is entitled to vacatur and resentencing.  [Citation.] The original judgment remains final until that determination is made"]; see also *People v. Rodriguez* (1998) 17 Cal.4th 253, 258 ["we may properly remand to permit the trial court to make the threshold determination of whether to exercise its discretion in defendant's favor without necessarily requiring resentencing unless the court does act favorably"]; *People v. Cervantes* (2021) 72 Cal.App.5th 326, 332 [remand to allow the trial court to exercise its newly authorized discretion to strike firearm enhancements under Senate Bill No. 630 (Stats. 2017, ch. 682) "did not vacate the sentence in any way"].)

The retroactive benefits of Senate Bill 567 extend only to nonfinal judgments.  The superior court correctly denied Arellano's petition for resentencing because the judgment of conviction in his case was final before the legislation's effective date.[4]

---

[4] The courts of appeal have disagreed whether Senate Bill 567 applies to a defendant who stipulated to a sentence that includes an upper term as part of a negotiated plea agreement. In *People v. Mitchell* (2022) 83 Cal.App.5th 1051, review granted December 14, 2022, S277314, the court held it did not, reasoning, when sentencing the defendant pursuant to the stipulated agreement, the trial court "had no opportunity to exercise any

## DISPOSITION

The postjudgment order denying Arellano's petition for resentencing is affirmed.

PERLUSS, P. J.

We concur:

SEGAL, J.                    FEUER, J.

---

discretion in deciding whether the imposition of the upper, middle, or lower term would best serve 'the interests of justice.'" (*Id.* at p. 1058.)  In *People v. Todd* (2023) 88 Cal.App.5th 373, review granted April 26, 2023, S279154, the court held it did, pointing to section 1016.8, effective January 1, 2020, which provides an individual convicted pursuant to a negotiated plea agreement is entitled to subsequent beneficial changes in sentencing laws.  The *Todd* court explained, in its view, "the relevant question here is not whether the sentencing judge is bound by the parties' stipulated sentence, but whether Todd is entitled to the ameliorative effect of Senate Bill No. 567's new sentencing provisions."  (*Id.* at p. 380.)  Concluding he was, the court remanded the case for resentencing under section 1170, subdivision (b), as amended by Senate Bill 567, in accordance with the procedure established by the Supreme Court in *Stamps*, *supra*, 9 Cal.5th 685.  (*Todd*, at p. 382.)

Because we conclude Arellano's judgment of conviction was final prior to the effective date of Senate Bill 567, we need not add our view on the issue, which is currently pending in the Supreme Court in *People v. Mitchell*, *supra*, S277314.

14