Filed 11/15/23  P. v. Roberson CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> TERRENCE EDWARD ROBERSON, <br><br> Defendant and Appellant. | 2d Crim No. B321001 <br> (Super. Ct. No. 19CR04521) <br> (Santa Barbara County) |

Terrence Edward Roberson appeals from the judgment after he was convicted at a court trial for attempted willful, deliberate, and premeditated murder (count 1; Pen. Code, §§ 664, subd. (a), 187, subd. (a))[1] and carrying a concealed firearm (count 2; § 25400, subd. (a)(2)).  As to count 1, the court found true enhancements of intentional and personal discharge of a firearm causing great bodily injury (§ 12022.53, subd. (d)), and personal use of a firearm (§ 12022.5, subd. (a)).  The trial court sentenced

---

[1] Further statutory references are to the Penal Code.

Roberson to a prison term of seven years to life for count 1, a consecutive term of 25 years to life for discharging a firearm causing great bodily injury, and a concurrent term of two years for count 2. Pursuant to section 654, the court stayed a four-year term for use of a firearm.

Appellant contends: (1) the case must be remanded for the trial court to exercise its discretion to reduce the enhancement for discharging a firearm, (2) the enhancement for personal use of a firearm must be dismissed, and (3) the sentence for count 2 must be stayed pursuant to section 654.

We reject these contentions but conclude the sentence for count 1 must be modified to life with parole, and count 2 must be reduced to a misdemeanor. In all other respects, we affirm.

FACTUAL AND PROCEDURAL HISTORY

Roberson and victim D.Z. passed each other on the sidewalk. When they were directly next to each other, Roberson said something like "bitch" under his breath. D.Z. turned around and said, "Excuse me?" Roberson stated, "I'll show you who I am." As they stood five to 10 feet apart, Roberson fired a .22 caliber revolver several times, hitting D.Z. in the back twice. D.Z. had not threatened Roberson.

D.Z. was hospitalized with two gunshot wounds: one to his right side below his collarbone, and the other to his back near his left shoulder. At the time of trial, he remained in "great pain" from the bullet fragments still lodged in his body.

Roberson admitted to police that he shot the victim five or six times "from his chest to his stomach." Roberson said he acted in self-defense to "[k]eep from getting stabbed in the back" because the victim had a knife. Roberson admitted the victim's hands were at his side. The trial court noted that Roberson never

2

claimed the victim brandished the knife.

DISCUSSION

*Count 1*

The trial court found Roberson guilty of attempted willful, deliberate, and premeditated murder (§§ 664, subd. (a), 187, subd. (a)) and imposed a sentence of seven years to life. This sentence is not authorized by statute. The punishment for attempted "willful, deliberate, and premeditated murder" is "imprisonment in the state prison for life with the possibility of parole" (§ 664, subd. (a)), not seven years to life.

"An inmate imprisoned under a life sentence" for attempted premeditated murder is not eligible for parole for "at least seven calendar years." (§ 3046, subd. (a)(1).) But that is a matter for parole authorities and does not affect the statutory sentence imposed by the court. While " '7 years to life' . . . is common shorthand to refer to a life sentence with minimum parole eligibility," it "is incorrect because . . . [the] minimum parole eligibility of seven years . . . is not part of the sentence that is pronounced." (*People v. Wong* (2018) 27 Cal.App.5th 972, 977, fn. 4; *People v. Robbins* (2018) 19 Cal.App.5th 660, 678.) Accordingly, we direct the trial court to modify the sentence for count 1 to life with the possibility of parole. (*Robbins*, at p. 678.)

*Section 12022.53 enhancement*

The trial court imposed a consecutive sentence of 25 years to life for intentionally and personally discharging a firearm that proximately caused great bodily injury to the victim. (§ 12022.53, subd. (d).) Appellant's counsel contends the matter must be remanded for the trial court to exercise its discretion whether to reduce the enhancement to section 12022.53, subdivision (b) (10-year enhancement for personal use of firearm in commission

3

of designated offense) or (c) (20-year enhancement for personally and intentionally discharging firearm in commission of such offense). The issue is forfeited.

At sentencing, the prosecutor told the court it had the discretion to strike the enhancement (§ 12022.53, subd. (h)), but urged the court not to do so. Roberson did not ask the court to either dismiss the enhancement or to impose a lesser enhancement. "A party in a criminal case may not, on appeal, raise 'claims involving the trial court's failure to properly make or articulate its discretionary sentencing choices' if the party did not object to the sentence at trial." (*People v. Gonzalez* (2003) 31 Cal.4th 745, 751.)

Nor would Roberson be entitled to relief on the merits. In *People v. Tirado* (2022) 12 Cal.5th 688, 700, our Supreme Court resolved a conflict of authority and held that when a sentencing enhancement pursuant to section 12022.53, subdivision (d) has been found true, a sentencing court has the discretion to impose a lesser enhancement pursuant to subdivision (b) or (c). Roberson was sentenced five months after *Tirado*. Because there is no evidence to the contrary, we presume the trial court knew and followed the applicable statutory and case law. (*People v. Ramirez* (2021) 10 Cal.5th 983, 1042.) And because there has been no showing the trial court misunderstood the scope of its discretion, no error has been shown. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 257.)

*Section 12022.5 enhancement*

Appellant's counsel contends the trial court should have dismissed the enhancement for personal use of a firearm (§ 12022.5, subd. (a)) rather than imposing and staying a four-year term. Our Supreme Court has rejected this contention.

4

"[A]fter a trial court imposes punishment for the section 12022.53 firearm enhancement . . . any section 12022.5 firearm enhancements that were found true for the same crime must be imposed and then stayed." (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1130.) That holding is not expressly or impliedly overruled by *People v. Tirado, supra*, 12 Cal.5th 688.

*Felony conviction for count 2*

The trial court found Roberson guilty of carrying a firearm unlawfully concealed on his person (§ 25400, subd. (a)(2)) and imposed a prison sentence of two years, concurrent to the sentence for count 1. Violation of section 25400 is a felony, punishable by 16 months, two years, or three years in state prison, *only if certain additional factors are present*, i.e., the defendant has been previously convicted of a felony or designated firearms offense, the defendant knew the firearm was stolen, the defendant is an active participant in a criminal street gang, or the defendant was not in lawful possession of the firearm. (§§ 25400, subd. (c)(1)-(4), 18, subd. (a).) Section 25400 is an alternative felony/misdemeanor if certain factors are present, i.e., the defendant has been convicted of a crime against a person or property or a narcotics violation; or the firearm is loaded or ammunition is readily accessible to the defendant *and* the defendant is not registered as the owner of the firearm. (§§ 25400, subd. (c)(5) & (6), 17, subd. (b).) In all other cases, violation of section 25400 is a misdemeanor punishable by up to a year in jail and/or a $1,000 fine. (§§ 25400, subd. (c)(7), 17, subd. (a).)

The information here alleged count 2 as willfully and unlawfully carrying a firearm concealed on the person in violation of section 25400, subdivision (a)(2), purportedly as a

5

felony. But it did not allege, and the trial court did not find, any of the additional factors designated in section 25400, subdivision (c)(1) through (6). Because due process requires " 'fair notice of the specific sentence enhancement allegations that will be invoked to increase punishment for his crimes' " (*People v. Anderson* (2020) 9 Cal.5th 946, 953), the conviction for count 2 must be modified to a misdemeanor.

*Section 654*

Appellant's counsel contends count 2 must be stayed pursuant to section 654. We disagree.

"An act or omission that is punishable in different ways by different provisions of law" shall not "be punished under more than one provision." (§ 654, subd. (a).) A "course of conduct encompassing several acts" may result in multiple punishment if it reflects "multiple intents and objectives." (*People v. Corpening* (2016) 2 Cal.5th 307, 311.) "If . . . defendant harbored 'multiple criminal objectives,' which were independent of and not merely incidental to each other, he may be punished for each statutory violation committed in pursuit of each objective, 'even though the violations shared common acts or were parts of an otherwise indivisible course of conduct.' " (*People v. Harrison* (1989) 48 Cal.3d 321, 335.)

Multiple punishment for possession of a firearm and use of the firearm is prohibited where it is possessed "only in conjunction with the primary offense" but not where possession is "distinctly antecedent and separate from the primary offense." (*People v. Bradford* (1976) 17 Cal.3d 8, 22.) For example, section 654 bars multiple punishment where "the firearm came into the defendant's possession fortuitously 'at the instant of committing another offense.' " (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1145.) But "multiple punishment is proper where the evidence

6

shows that the defendant possessed the firearm before the crime, with an independent intent." (*Id*. at p. 1144.) *Jones* upheld multiple punishment for being a felon in possession of a firearm and shooting at an inhabited dwelling because "Jones committed two separate acts: arming himself with a firearm, and shooting at an inhabited dwelling." (*Id*. at p. 1147.)

Similarly here, Roberson possessed and concealed the firearm well before shooting the victim, and with a different intent. Roberson admitted he had the gun for almost a year. He always carried it in a black bag or in his pants pocket to "be safe." But his intent in count 1 was attempting to murder a human being with malice aforethought. Thus, section 654 did not bar sentencing Roberson for both carrying a concealed firearm and attempted murder by intentionally discharging the firearm.

*Other contentions*

Roberson's supplemental letter brief pursuant to *People v. Kelly* (2006) 40 Cal.4th 106, 120, makes several contentions: (1) he did not have anger toward anyone because they did not threaten his life, (2) he used the firearm "for safety," (3) he did not have the "mind set" to murder anyone, (4) he was not properly charged and sentenced, (5) great bodily injury should not be on his record, and (6) he deserves to be with his family and to have a child.

The correctness of the sentence is discussed above. The remaining contentions lack merit. Substantial evidence supports: the guilty verdict, including the implied finding that Roberson had the intent to kill (*People v. Smith* (2005) 37 Cal.4th 733, 741); the trial court's conclusion that he did not act in self-defense; and the enhancement for discharging a firearm causing great bodily injury. Roberson's desire to be with his family and have a child

7

does not form a basis for relief on appeal.

DISPOSITION

The sentence for count 1 is modified to life with parole. Count 2 is reduced to a misdemeanor with a one-year concurrent sentence.  (§ 1260.)  The clerk of the superior court shall prepare amended abstracts of judgment and forward copies to the Department of Corrections and Rehabilitation.  In all other respects, the judgment is affirmed.

NOT TO BE PUBLISHED.


BALTODANO, J.


We concur:


GILBERT, P. J.


YEGAN, J.


8

Thomas R. Adams, Judge

Superior Court County of Santa Barbara

_____

Leonard J. Klaif, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Analee J. Brodie, Deputy Attorneys General, for Plaintiff and Respondent.