Filed 2/27/24  P. v. Clavano CA4/2
Opinion following rehearing

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E079869 |
| v. | (Super.Ct.No. FVA174302) |
| AMANDO ZOSA CLAVANO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Daniel W. Detienne, Judge.  Reversed.

Arthur Martin, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Alan L. Amann and Heather B. Arambarri, Deputy Attorney Generals, for Plaintiff and Respondent.

1

On remand from a prior appeal (*People v. Clavano* (July 2, 2021, E074133) [modified July 30, 2021] [nonpub. opn.] [2021 WL 2766896] (*Clavano II*))[1], the trial court reconsidered the resentencing petition of defendant and appellant Amando Zosa Clavano. (Pen. Code, § 1172.6.)[2] The trial court reduced defendant's first degree murder conviction to second degree murder. Correspondingly, the trial court reduced the indeterminate portion of defendant's sentence from 25 years to life to 15 years to life.

Defendant raises three issues on appeal. First, defendant contends the trial court lacked authority to reduce his conviction to second degree murder, so he should be resentenced for aiding and abetting assault with a firearm. Second, in the alternative, defendant contends substantial evidence does not support the finding that he aided and abetted second degree murder. Third, defendant asserts the abstract of judgment needs to be corrected. We reverse.

**FACTS**

A.     FIRST RULING ON DEFENDANT'S PETITION

In 2019, defendant petitioned the trial court for resentencing on the basis that he had been convicted under a natural and probable consequence theory and, under changes to section 188, he could no longer be convicted of murder. (§ 1172.6.) The

_____

[1] An unpublished case may be cited for the purpose of providing background information. (*Pacific Gas & Electric Co. v. City and County of San Francisco* (2012) 206 Cal.App.4th 897, 907, fn. 10.)

[2] All further statutory references are to the Penal Code unless otherwise indicated.

trial court denied defendant's petition because defendant was a major participant in the offense and acted with reckless indifference. (*Clavano II*, *supra*, E074133 at p. *1.)

Defendant appealed, and we reversed with directions for the trial court to reconsider defendant's petition. (*Clavano II*, *supra*, E074133 at p. *8.) In our opinion, we explained that whether defendant was a major participant in a murder and acted with reckless indifference are only relevant in a felony murder analysis. (§ 189, subd. (e)(3).) In the instant case, the jury was not instructed on felony murder, so the trial court erred by analyzing the issues as if it were a felony murder case. (*Clavano II*, *supra*, E074133 at p. *5.)

B.      SECOND RULING ON DEFENDANT'S PETITION

On remand, during a hearing on September 2, 2022, the trial court asked if it could "re-sentence defendant to an implied malice second degree murder." The trial attorneys agreed that the court could change defendant's murder conviction from first degree to second degree. Nevertheless, defendant's trial attorney argued that the intent evidence supported, at most, a conviction for assault with a firearm. Meanwhile, the People argued the evidence supported a finding of either first degree or second degree murder.

After taking the matter under submission, on September 16, 2022, during a hearing, the trial court found that defendant directly aided and abetted an implied malice second degree murder. The trial court resentenced defendant for second degree murder, imposing a determinate prison term of three years and an indeterminate term of 15 years to life.

3

## DISCUSSION

A.    <u>SECOND DEGREE MURDER</u>

Defendant and the People agree that the trial court did not have the authority to reduce defendant's conviction to second degree murder.

The resentencing statute "does not contain a mechanism for a trial court to reduce a first degree murder conviction to second degree murder." (*People v. Gonzalez* (2023) 87 Cal.App.5th 869, 880.)  Rather, the statute provides a trial court with two options:  (1) Deny the petition in its entirety, leaving the first degree murder conviction in place; or (2) grant the petition in its entirety and vacate the murder conviction.  (*Id.* at p. 881.)  In the instant case, the trial court reduced defendant's first degree murder conviction to second degree murder when there was no legal authority for that action.  Therefore, the trial court erred.

" '[W]e deem an error harmless unless it is "reasonably probable" the outcome would have been different in the absence of the error.' " (*People v. Schuller* (2023) 15 Cal.5th 237, 251.)  If the trial court had not erred, then defendant would be convicted of either first degree murder or assault.  Under no legal authority would defendant be convicted of second degree murder.  Thus, the trial court's error was prejudicial because the outcome would necessarily have been different in the absence of the error.  We will reverse so the trial court may once again reconsider defendant's petition.

4

Defendant contends that, because the People failed to convince the trial court that defendant committed first degree murder, we should direct the trial court to reduce defendant's conviction to assault. We will not direct a particular ruling when (1) the trial court has not yet had a chance to rule on the petition with a clear understanding of the law (See *People v. Rodriguez* (1998) 17 Cal.4th 253, 257); and (2) in this ongoing case, the trial court has yet to consider defendant's petition in light of the Supreme Court's clarification of the law regarding directly aiding and abetting a murder (*People v. Reyes* (2023) 14 Cal.5th 981, 991-992). We will give the trial court the opportunity to rule on the petition with an understanding of its options under section 1172.6 and the law set forth in *Reyes*.

B. PETITION FOR REHEARING

1. *CENTRAL ARGUMENT*

In a petition for rehearing, defendant asserts that we have ignored his central argument: After the trial court found the crime did not meet the criteria of first degree murder, the trial court was required to reduce defendant's conviction to assault with a firearm. Defendant asserts that, if we decide this issue in his favor, then we should reverse with directions for the trial court to reduce defendant's conviction to assault with a firearm and resentence defendant.

If we determined that defendant's legal argument were correct—that a finding of second degree murder results in an assault conviction under section 1172.6—then we would not direct the trial court to reduce defendant's conviction to assault. Rather, the disposition would be an unqualified reversal (*People v. Boyer* (2006) 38 Cal.4th 412,

5

442 [unqualified reversal sets the matter at large]; *People v. Martinez* (2017) 10 Cal.App.5th 686, 718 [same]), in order to give the trial court the opportunity to consider the petition with a clear understanding of the law (see *People v. Downey* (2000) 82 Cal.App.4th 899, 912 ["Where, as here, a sentence choice is based on an erroneous understanding of the law, the matter must be remanded for an informed determination"]).  Therefore, we need not address the substance of this issue because, if defendant's legal argument were correct, it would have no impact on the disposition being an unqualified reversal.

## 2.    *AFFIRMING REASONING*

In a petition for rehearing, defendant asserts, "[T]here is no reason to reverse the trial court's factual findings and no basis for a new hearing on the petition."  An appellate court reverses and affirms judgments and orders—not reasoning.  (*People v. Chism* (2014) 58 Cal.4th 1266, 1295, fn. 12; *People v. Palacios* (2021) 67 Cal.App.5th 184, 192-193.)  We will not affirm the reasoning that led to the trial court erroneously changing defendant's conviction to second degree murder.  Instead, we will reverse the trial court's order (§ 1260), which sets the petition at large in the trial court (*People v. Boyer*, *supra*, 38 Cal.4th at p. 442; *People v. Martinez*, *supra*, 10 Cal.App.5th at p. 718).

## 3.    *REVERSAL*

Defendant contends that, because the People did not appeal, we "cannot reverse the portion of the trial court's order reducing [defendant's] conviction to second degree murder."  In defendant's notice of appeal, he appealed from the order that reduced his conviction to second degree murder.  Accordingly, that order is the focus of this

opinion. At oral argument in this court, we asked if defendant wanted to proceed with the appeal given the risk that he could once again have a first degree murder conviction and sentence, and defendant confirmed that he wanted to proceed with the appeal. Therefore, defendant understood, before the appeal was final, that we were considering reversing his second degree murder conviction due to his appeal from the trial court's order.

Next, in his petition for rehearing, defendant asserts that neither party advocated for complete reversal or briefed the issue of a complete reversal. Defendant is mistaken. In the People's respondent's brief, they wrote, "[T]he judgment reducing [defendant's] conviction should be reversed and the matter should be remanded." The People then repeated themselves by writing, "[T]he judgment reducing [defendant's] conviction and sentence should be reversed and the matter remanded for further proceedings in accordance with section 1172.6, subdivision (d)(3)." In defendant's appellant's reply brief, he wrote, "Accordingly, due process compels the conviction be reversed." At oral argument in this court, we asked defendant's counsel if he was aware of the risk to defendant if we returned the case to the trial court, i.e., defendant again receiving a first degree murder sentence. Defendant's counsel stated that he and defendant understood and accepted the risk. Also at oral argument, the People discussed the case returning to the trial court and the risk of defendant "ending up with a first degree murder conviction." In defendant's petition for rehearing, he reaffirms his acceptance of the risk. Thus, the topic of a complete reversal was briefed and argued.

B.    SUBSTANTIAL EVIDENCE

In his appellant's opening brief, in an alternative contention, defendant asserts that substantial evidence does not support the trial court's finding of second degree murder.  We have accepted defendant's primary assertion that "[s]ection 1172.6, subdivision (d)(3), does not provide a way to reduce a first degree murder conviction to second degree murder."  Therefore, we need not address defendant's alternative substantial evidence contention.

In a petition for rehearing, defendant faults this court for failing to address his substantial evidence contention.  We have concluded the order must be reversed, so the alternative substantial evidence issue is moot.  Moreover, if we were to address the substantial evidence contention, then we would foreclose the trial court's ability to consider the petition anew.  Accordingly, we will not address this issue at this stage.

C.    ABSTRACT OF JUDGMENT

Defendant contends his abstract of judgment should be corrected to reflect 7,791 days of custody credits.  Because we are reversing the order reducing defendant's conviction to second degree murder, we will also reverse the sentence and vacate the abstract of judgment.  Therefore, this issue is moot.

## DISPOSITION

The September 16, 2022, order on defendant's section 1170.95/1172.6 petition is reversed. The sentence imposed on September 16, 2022, is reversed. The abstract of judgment filed in the trial court on September 19, 2022, is vacated.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.