[No. S055670. Jan. 15, 1998.]

THE PEOPLE, Plaintiff and Respondent, v.
ANTONIO RAMIREZ RODRIGUEZ, Defendant and Appellant.

## COUNSEL

Patricia L. Watkins, under appointment by the Supreme Court, for Defendant and Appellant.

Michael P. Judge, Public Defender (Los Angeles), Albert J. Menaster, Alex Ricciardulli and Paula Montez, Deputy Public Defenders, Charles H. James, Public Defender (Contra Costa) and Ron Boyer, Deputy Public Defender, as Amici Curiae on behalf of Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, Carol Wendelin Pollack, Assistant Attorney General, John R. Gorey, Sanjay T. Kumar and Douglas L. Wilson, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WERDEGAR, J.**—In this case we consider how *People* v. *Superior Court (Romero)* (1996) 13 Cal.4th 497 [53 Cal.Rptr.2d 789, 917 P.2d 628], should apply to that narrow class of defendants whose sentencing courts erroneously believed, and indicated on the record, that they lacked discretion to strike prior felony conviction allegations under the "Three Strikes" law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12)[1] and whose appeals are not yet final. We recently observed that such cases must be remanded to give sentencing courts an opportunity to exercise their discretion. (*People* v. *Fuhrman* (1997) 16 Cal.4th 930, 944 [67 Cal.Rptr.2d 1, 941 P.2d 1189].) The question presented here is whether, on remand, the court should exercise its discretion in the presence of defendant and his counsel.

We answer the question in the affirmative. We also reverse one of the trial court's findings of a prior felony conviction for insufficient evidence.

---

[1] All further citations to statutes are to the Penal Code, except as noted.

## I. FACTS AND PROCEDURAL POSTURE

A jury convicted defendant of one count of possessing cocaine base for sale. (Health & Saf. Code, § 11351.5.) Thereafter, the court as trier of fact found defendant had previously been convicted of three serious felonies as defined in the Three Strikes law. (§§ 667, subd. (d)(1); 1192.7, subd. (b)(1).) The court found a fourth prior felony conviction allegation untrue. The court also found defendant had served two prior prison terms (§ 667.5, subd. (b)), but struck those findings for sentencing purposes. The court did not strike any of the three prior felony conviction findings. While repeatedly expressing his opinion that the required sentence was too severe, the judge nevertheless declared on the record his understanding that he was "compelled to follow the [Three Strikes] law" by imposing a sentence of 25 years to life.

We subsequently held, contrary to the trial judge's assumption, that courts in cases charged under the Three Strikes law do have the discretionary power to dismiss prior felony conviction allegations and findings in furtherance of justice. (*Romero, supra*, 13 Cal.4th at pp. 507-530.) Applying *Romero*, the Court of Appeal determined defendant was entitled to relief because the trial judge believed he had no such power and did not say that he would, in any event, have declined to exercise it in defendant's favor. (See *Romero, supra*, 13 Cal.4th at p. 530, fn. 13.) Instead of remanding for resentencing, however, the Court of Appeal purported to "affirm" the judgment, with the following directions: "[A]lthough we shall affirm the judgment, we shall remand the matter to the trial court so it may determine whether or not to exercise its limited discretion. (*Romero, supra*, 13 Cal.4th 497, [530-532].) If it decides not to exercise its limited discretion, the defendant need not be present and the imposed sentence shall remain in effect. However, if the trial court believes it would not be an abuse of its limited discretion to dismiss one or more 'strikes'—and it wishes to do so—then the defendant must be present and a new sentence hearing conducted." (Fn. omitted.)

In a petition for rehearing, defendant argued the procedure on remand contemplated by the Court of Appeal violated his statutory and constitutional rights to be present with counsel at sentencing. The Court of Appeal denied the petition, with one justice voting to grant. We granted defendant's petition for review.[2]

---

[2]The People have asked us to take judicial notice of a ballot pamphlet presenting arguments for and against the initiative version of the Three Strikes law and of various materials available to legislators at the time they enacted their own version of the law. The motion is granted. (Cf. *Romero, supra*, 13 Cal.4th at p. 504, fn. 1.)

## II. DISCUSSION

### A. *To What Relief Is Defendant Entitled?*

In holding that the case must be remanded to give the trial court an opportunity to exercise its discretion, the Court of Appeal was correct. Our decision in *Romero*, as we expressly held therein, is "fully retroactive." (13 Cal.4th at p. 530, fn. 13.) Accordingly, as we also held, "[a] defendant serving a sentence under the Three Strikes law . . . imposed by a court that misunderstood the scope of its discretion to strike prior felony conviction allegations in furtherance of justice pursuant to section 1385(a), may raise the issue on appeal . . . ." (*Ibid.*) Because the record in this case shows the trial judge erroneously believed he had no such discretion, defendant has a remedy on appeal.

Our recent decision in *People* v. *Fuhrman, supra,* 16 Cal.4th 930, is not to the contrary. In *Fuhrman* we withheld relief on appeal in so-called "silent record" cases, i.e., cases in which the record does not show the trial court misunderstood the law. At the same time, however, we emphasized that relief continues to be available in cases such as the one before us now. We wrote: "*Romero* establishes that where the record *affirmatively* discloses that the trial court *misunderstood* the scope of its discretion, remand to the trial court is required to permit that court to impose sentence with full awareness of its discretion as clarified in *Romero*." (*People* v. *Fuhrman, supra,* 16 Cal.4th at p. 944.) The People do not argue to the contrary. Accordingly, the only question before us concerns the procedure to be followed on remand.

Under the procedure contemplated by the Court of Appeal, defendant would have an opportunity to appear with counsel before the trial court only if the court decides in advance to rule in defendant's favor. (See *ante,* p. 256.) Defendant argues such a procedure would violate his statutory and constitutional rights to be present with counsel at sentencing and pronouncement of judgment, a critical stage of the criminal prosecution. (Cal. Const., art. I, § 13; Pen. Code, § 1193; *In re Perez* (1966) 65 Cal.2d 224, 229 [53 Cal.Rptr. 414, 418 P.2d 6]; see also U.S. Const., Amends. VI, XIV; *Mempa* v. *Rhay* (1967) 389 U.S. 128 [88 S.Ct. 254, 19 L.Ed.2d 336].) The People, in response, do "not dispute that a defendant has an absolute right to be present at a sentence modification hearing and imposition of sentence." The People do not, however, concede that the procedure contemplated by the Court of Appeal amounts to sentencing or pronouncement of judgment. According to the People, if the trial court on remand determines not to strike a prior felony conviction finding, no sentencing occurs, judgment is not pronounced, and defendant's right to be present is not implicated.

We may assume that a reviewing court has the power, when a trial court has made a mistake in sentencing, to remand with directions that do not inevitably require all of the procedural steps involved in arraignment for judgment and sentencing. Section 1260, which sets out the permissible dispositions of a cause on appeal, permits the reviewing court to "remand the cause to the trial court for such further proceedings as may be just under the circumstances." We have exercised this power, for example, by directing a trial court to determine an unresolved factual issue affecting eligibility for probation, when the court had erroneously assumed the defendant was not eligible. (*People* v. *Southack* (1952) 39 Cal.2d 578, 591 [248 P.2d 12].) Thus, it appears we may properly remand to permit the trial court to make the threshold determination of whether to exercise its discretion in defendant's favor without necessarily requiring resentencing unless the court does act favorably.

It does not follow, however, that defendant's presence at the time the court makes the threshold determination serves no useful purpose. Under the statute authorizing us to remand with directions, we must remand "*for such further proceedings as may be just under the circumstances.*" (§ 1260, italics added.) This, then, is the dispositive inquiry: Is it "just under the circumstances" to require the presence of defendant and his counsel on remand, at the first occasion on which the trial judge will consider whether to exercise his sentencing discretion in defendant's favor?

The People, who would have us answer the question in the negative, contend that "the trial court can make an informed decision regarding its exercise of discretion without further argument by the parties. Indeed, from the record the court is able to glean the nature of the defendant's criminal history via the probation officer's report as well as the nature of the current offenses from the trial transcript." "[L]ittle would be served," the People submit, by allowing "the parties to make superfluous arguments prior to the trial court making an initial decision relating to its inclination to strik[e] the prior convictions." We disagree. The evidence and arguments that might be presented on remand cannot justly be considered "superfluous," because defendant and his counsel have never enjoyed a full and fair opportunity to marshal and present the case supporting a favorable exercise of discretion. As defendant reasonably observes, "[i]t would have been a waste of the court's time for [defendant] to have attempted to present evidence which might convince the court to strike a 'strike' at a time when the court believed that it had no discretion to do so."

Next, the People argue that to require a hearing in defendant's presence would be inefficient. "Due process," the People assert, "does not require

thousands of defendants subjected to *Romero* remand be transported from state prison to the superior court in order to be present when the superior court determines not to exercise its discretion to strike . . . ."

This court has been solicitous of the People's concern for efficiency. That concern played an important role in the court's decision in *People* v. *Fuhrman*, *supra*, 16 Cal.4th 930, that relief on appeal would not be available in silent record cases. As the court explained, in silent record cases "the question of striking one or more prior convictions under section 1385 may not have been mentioned at sentencing by either the trial court or defense counsel because all those involved in the proceeding recognized that, in view of the defendant's background and the circumstances of the current offense, the exercise of such discretion in the defendant's favor was not a realistic possibility." (*Id.* at p. 945.) Faced with this doubt regarding the existence of prejudicial error, the court decided that "to compel a new sentencing hearing in every pre-*Romero* [silent record] case" appeared inconsistent with "the interests of the administration of justice throughout the state . . . ." (*Id.* at pp. 945-946.) In contrast, the record before us affirmatively indicates the trial judge did misunderstand the scope of his sentencing discretion. Moreover, nothing in the record excludes the possibility the judge might have exercised his discretion in defendant's favor. Thus, we are not free to surmise, as in *Fuhrman*, that "the exercise of . . . discretion in the defendant's favor was not a realistic possibility" (*id.* at p. 945), or that to permit defendant to present, in person and with the assistance of counsel, his case for a favorable exercise of discretion would be an inefficient use of judicial resources.

Finally, the People maintain defendant's presence should not be required because defendant has no statutory right to move to strike a prior. The right to make such a motion, the People observe, belongs exclusively to the prosecutor and to the court, acting sua sponte. (§ 1385, subd. (a).)[3] Because (to conclude the argument) defendant has no formal right to request such an order, he could not be heard to complain on appeal about the court's refusal to act sua sponte;[4] thus, he need not be present when the court does so refuse. The answer to this argument is that the question of appealability does not control the question of the need for defendant's presence. In the ordinary case decided after *Romero*, *supra*, 13 Cal.4th 497, a trial judge who decides not to exercise his or her discretion in the defendant's favor makes that

---

[3]"The judge or magistrate may, either of his or her own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. . . ."

[4]To support this point, the People cite section 1237, subdivision (b), which permits appeals "[f]rom any order made after judgment, affecting the substantial rights of the party."

decision at a hearing attended by the defendant and his counsel. Even if nothing is said on the subject and no arguments for a favorable exercise of discretion are presented, still no unfairness results because the defendant and his counsel are present in the courtroom at the relevant time and free to advance such arguments if they choose. To require defendant's presence on remand in this case merely affords him the same opportunity to invoke *Romero*, a "fully retroactive" decision (13 Cal.4th at p. 530, fn. 13), as is enjoyed by all defendants sentenced after that decision.

Our power to order a limited remand, as mentioned, includes the authority to direct the trial court to conduct *"such further proceedings as may be just under the circumstances."* (§ 1260, italics added.) Because to permit the trial court to decide how to exercise its discretion under section 1385 without affording defendant and his counsel an opportunity to address the subject would be manifestly unfair, section 1260 provides sufficient authority to require defendant's presence on remand. A defendant, of course, has a constitutional right to be present at all critical stages of the criminal prosecution, i.e., "all stages of the trial where his absence might frustrate the fairness of the proceedings" (*Faretta* v. *California* (1975) 422 U.S. 806, 819, fn. 15 [95 S.Ct. 2525, 2533, 45 L.Ed.2d 562]), or "whenever his presence has a relation, reasonably substantial, to the fullness of his opportunity to defend against the charge" (*Snyder* v. *Massachusetts* (1934) 291 U.S. 97, 105-106 [54 S.Ct. 330, 332, 78 L.Ed. 674, 90 A.L.R. 575]). But in view of section 1260 we need not rest our decision on constitutional grounds.[5]

On remand, the superior court should conduct a hearing in the presence of defendant, his counsel, and the People to determine whether to dismiss one or more prior felony conviction findings pursuant to section 1385. If the court decides to dismiss one or more findings, the court should proceed to resentence defendant. If the court decides not to dismiss a finding, the court should remand defendant to the custody of the Department of Corrections to serve the remainder of his term.

[5]Our disposition, nevertheless, is consistent with *In re Cortez* (1971) 6 Cal.3d 78 [98 Cal.Rptr. 307, 490 P.2d 819], in which we held that a defendant who had been sentenced under a statute that unconstitutionally restricted sentencing discretion was entitled to a new hearing before the sentencing court at which he would be present and represented by counsel. Our disposition is also consistent with section 977, subdivision (b)(1), which provides: "In all cases in which a felony is charged, the accused shall be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he or she shall, with leave of court, execute in open court, a written waiver of his or her right to be personally present . . . ."

Because our disposition is consistent with *Cortez* and section 977, we need not decide whether either would compel the same disposition.

B. *The 1983 Prior Felony Conviction.*

As already mentioned, the trial court found true three of the four prior felony conviction allegations. Defendant contends the evidence is insufficient to support the trial court's finding that his 1983 conviction for assault constituted a serious felony under section 1192.7, subdivision (c), and thus a "strike" under the Three Strikes law (§§ 667, subd. (d)(1), 1170.12, subd. (b)(1)). The Court of Appeal rejected defendant's claim. In so doing, the court erred.

The evidence presented by the People to prove this strike consists entirely of an abstract of judgment. The abstract shows a plea of guilty in 1983 to the charge of violating former section 245, subdivision (a) (now subdivision (a)(1), and hereafter referred to as section 245(a)(1)). The statute prohibits the "commi[ssion] [of an] an assault upon the person of another with a deadly weapon or instrument other than a firearm or by any means of force likely to produce great bodily injury . . . ." (*Ibid.*) The clerk of the superior court filled out the space on the abstract of judgment form labeled "crime" with the abbreviation "ASLT GBI/DLY WPN," which accurately reflected the statutory language.

This evidence, standing alone, did not prove that defendant had pled guilty to a "serious" felony as defined in section 1192.7, subdivision (c). Under that section, as relevant here, only those crimes are "serious" felonies in which the defendant "personally inflict[ed] great bodily injury on any person, other than an accomplice, or . . . personally use[d] a firearm" (*id.,* subd. (c)(8)), or "personally use[d] a dangerous or deadly weapon" (*id.,* subd. (c)(23)). One may thus violate section 245(a)(1) in two ways that would not qualify as "serious" felonies under section 1192.7, subdivision (c): First, one may aid and abet the assault without *personally* inflicting great bodily harm or using a firearm. Second, one may commit the assault with force "likely" to cause great bodily injury without, however, *actually* causing great bodily injury or using a deadly weapon. Accordingly, the least adjudicated elements of the crime defined in section 245(a)(1) are insufficient to establish a "serious" felony. (See generally, *People* v. *Equarte* (1986) 42 Cal.3d 456, 465 [229 Cal.Rptr. 116, 722 P.2d 890]; see also, e.g., *People* v. *Sohal* (1997) 53 Cal.App.4th 911, 915 [62 Cal.Rptr.2d 110]; *People* v. *Williams* (1990) 222 Cal.App.3d 911, 914-915 [272 Cal.Rptr. 212]; *People* v. *Davis* (1996) 42 Cal.App.4th 806, 814 [49 Cal.Rptr.2d 890].)

Certainly the prosecution was entitled to go beyond the least adjudicated elements of the 1983 conviction and use the entire record to prove that

defendant had in fact personally inflicted great bodily injury (§ 1192.7, subd. (c)(8)) or personally used a dangerous or deadly weapon (§ 1192.7, subd. (c)(23)). (*People* v. *Guerrero* (1988) 44 Cal.3d 343, 355-356 [243 Cal.Rptr. 688, 748 P.2d 1150].) However, the People failed to do so. They offered only the abstract of judgment, which proved nothing more than the least adjudicated elements of the charged offense. The evidence supporting this strike allegation was thus insufficient, and the finding must therefore be reversed.

The Court of Appeal, which found the evidence sufficient to support the strike finding, reasoned as follows: "It is *possible*—from the proof offered— appellant may not have 'personally used a dangerous or deadly weapon' yet still have been convicted as alleged. But as a reviewing court determining sufficiency of the evidence neither possibilities nor proof beyond a reasonable doubt are our concern." The error in this reasoning, of course, is that "when the record does not disclose any of the facts of the offense actually committed, the court will presume that the prior conviction was for the least offense punishable under the foreign law." (*People* v. *Guerrero, supra*, 44 Cal.3d at p. 355.) The People, who had the burden of proof, offered no evidence to show otherwise.

The People assert that defendant has raised this claim "for the first time on appeal." To the contrary, defendant at the outset mounted the most complete challenge possible to the strike allegation: He demanded a trial. The People also theorize that, "[i]f [defendant] had any uncertainty of the status of the prior conviction as charged in the information, [he] should have demurred." That defendant, by not demurring, waived the right to challenge the allegation as uncertain, is true. (See *People* v. *Equarte, supra*, 42 Cal.3d at pp. 466-467.) But defendant could not waive his right to challenge the sufficiency of the evidence on which the allegation was found true until it *was* found true and, then, only by failing to file a timely notice of appeal. In this, however, he did not fail. Thus, the challenge to the sufficiency of the evidence is properly before us.

For these reasons, the finding that defendant's 1983 conviction for assault constitutes a strike under section 667, subdivision (d)(1), must be reversed.[6]

---

[6]Our decision to reverse this finding does not affect defendant's sentence because the People proved two additional strikes. Unless the trial court exercises its discretion to dismiss one or more strikes pursuant to section 1385, defendant's sentence will remain twenty-five years to life. (§ 667, subd. (e)(2)(A)(ii).)

## III.  Disposition

The judgment of the Court of Appeal is reversed to the extent it is inconsistent with this opinion and the case remanded for further proceedings consistent with the views expressed herein.

George, C. J., Mosk, J., Kennard, J., Baxter, J., Chin, J., and Brown, J., concurred.