Thomas DUDNEY, Petitioner–
Appellant,

v.

D.K. SISTO; et al., Respondents–
Appellees.

No. 07–15570.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 18, 2008.

Filed Feb. 25, 2009.

Thomas Dudney, Fairfax, CA, pro se.

Rachelle A. Newcomb, Esquire, Justain Riley, Tami M. Warwick, Deputy Attorney General, AGCA–Office of the California Attorney General, Sacramento, CA, for Respondents–Appellees.

Before: CANBY and WARDLAW, Circuit Judges, and TRAGER,* District Judge.

## MEMORANDUM **

Thomas Loyd Dudney, a state prisoner, appeals from the district court's denial of his petition for a writ of habeas corpus. We have jurisdiction pursuant to 28 U.S.C. § 2253, and we reverse.

In 1974, Dudney pleaded guilty to and was convicted of assault with a deadly weapon. In 1999, Dudney was charged and convicted by jury of one count of possession and one count of transportation of methamphetamine, violations of California Health and Safety Code §§ 11377(a) and 11379(a), respectively. After Dudney waived his statutory right to a jury trial on the existence of the prior serious felony, the state tried the issue of whether the 1974 conviction was a "serious felony" under California's Three Strikes law. *See* Cal.Penal Code § § 667, 1170.12, 1192.7; *see also Ewing v. California,* 538 U.S. 11, 14–17, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003). The state court found that Dudney had personally used a firearm in the 1974 assault, despite the abstract of judgment that specifically stated that Dudney was not charged with and did not admit to being armed with a deadly weapon, nor

was he found to have been so armed. Because assault with a deadly weapon is a "serious felony" when it involves personal firearm use, *see* Cal.Penal Code § 1192.7; *People v. Rodriguez,* 17 Cal.4th 253, 70 Cal.Rptr.2d 334, 949 P.2d 31, 36 (1998), the court doubled Dudney's sentence, from three to six years, as required under California Penal Code § 667(e)(1).

The state court's determination that Dudney personally used a firearm, and the resulting enhancement, were "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2). Although the state court properly considered the 1974 preliminary hearing transcript, the record plainly shows that Dudney disputed the charge that he personally used a firearm. As a result the 1974 state judge struck the charge of personal use of a firearm from the information, and Dudney pleaded guilty to assault with a deadly weapon without personal firearm use, a nonserious felony. Therefore, no reasonable trier of fact could conclude that Dudney had been previously convicted of a prior serious felony, as required by California Penal Code § 667(a)(1). *See Taylor v. United States,* 495 U.S. 575, 601–02, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990) ("[I]n cases where the defendant pleaded guilty, there often is no record of the underlying facts. Even if the Government were able to prove those facts, if a guilty plea to a lesser, nonburglary offense was the result of a plea bargain, it would seem unfair to impose a sentence enhancement as if the defendant had pleaded guilty to burglary."). Accordingly, we remand to the district court with instructions to grant the

---

* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

habeas petition as to the imposition of the prior serious felony enhancement.

**REVERSED AND REMANDED.**

---

* The Honorable Neil M. Gorsuch, United States Circuit Judge for the Tenth Circuit, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.