Filed 10/20/23  P. v. Lopez CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANDREW RICK LOPEZ,<br><br>Defendant and Appellant. | F084905<br><br>(Super. Ct. No. 1050255)<br><br>**OPINION** |

### THE COURT*

APPEAL from an order of the Superior Court of Stanislaus County.  Ricardo Cordova, Judge.

Kendall Dawson Wasley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Kari Ricci Mueller, Amanda D. Cary, and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

*Before Levy, Acting P. J., Peña, J. and Meehan, J.

## INTRODUCTION

Defendant Andrew Rick Lopez was sentenced to 15 years-to-life imprisonment after being convicted of second degree murder (Pen. Code § 187, subd. (a)) in 1992, plus one year for a knife use enhancement (§ 12022, subd. (b)) and one year for a prison prior enhancement (§ 667.5). (Undesignated statutory references are to the Penal Code.) In 2022, defendant's attorney petitioned to recall his sentence under section 1172.75 to strike his one-year prison prior enhancement. The People agreed with the petition and the court granted the request and ordered defendant's sentence be modified accordingly.

In this appeal, defendant argues he was unconstitutionally deprived of his right to be present at the resentencing hearing. The People agree. We agree the order should be vacated and conclude the matter must be remanded for further proceedings consistent with this opinion.

## FACTUAL AND PROCEDURAL HISTORY

In 1992, a jury convicted defendant of second degree murder (§ 187, subd. (a)) and found true that he personally used a knife during the commission of the offense (§ 12022, subd. (b).) Defendant admitted a prior conviction allegation. The court sentenced defendant to 15 years to life on the murder conviction plus one year for the knife-use enhancement and an additional year for the prison prior (§ 667.5, former subd. (b)).

Defendant's attorney petitioned for resentencing for him under section 1172.75 in July 2022 using a form petition. She checked a box indicating "Defendant/Petitioner waives resentencing hearing" and asked the court to modify the total term of 17 years to life to 16 years to life by striking the section 667.5, former subdivision (b) prison prior enhancement. On the same form, the People indicated they agreed with the petition and to waive a hearing. Also on the same form, the court ordered "defendant's sentence recalled and resentenced pursuant to … § 1172.7 and/or 1172.75."

In September 2022, defendant filed a notice with the court stating no one from the public defender's office ever contacted him about petitioning for recall of his sentence. However, in August 2022, he received a form signed by the judge indicating only his one-year enhancement was presented and removed.  He noted he previously told his counsel his family members were willing to provide letters in support of resentencing and his counsel was ineffective in failing to notify him of the petition.

## DISCUSSION

### I.    Resentencing Proceedings Under Section 1172.75

Prior to January 1, 2020, section 667.5, former subdivision (b) provided for a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years.  (§ 667.5, former subd. (b).)  Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses. (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Enhancements based on prior prison terms served for other offenses became legally invalid.  (*Jennings*, *supra*, at p. 682.)

Later, in 2021, the Legislature enacted Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483).  This bill explicitly made the changes implemented by Senate Bill 136 retroactive.  (Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply … Senate Bill 136 of the 2019–20 Regular Session to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"].)  It took effect on January 1, 2022, and added former section 1171.1, now section 1172.75, to the Penal Code.  (Stats. 2021, ch. 728, § 3; Stats. 2022, ch. 58, § 12.)

3.

Section 1172.75 states that "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense … is legally invalid." (§ 1172.75, subd. (a).)  The statute further establishes a mechanism to provide affected defendants a remedy for those legally invalid enhancements.  Subdivision (b) directs the Secretary of the California Department of Corrections and Rehabilitation (CDCR) and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a) and … provide the name of each person, along with the person's date of birth and the relevant case number or docket number, to the sentencing court that imposed the enhancement." (§ 1172.75, subd. (b).)  The statute provides this is to be done in two groups.  First, "[b]y March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the [affected] enhancement." (§ 1172.75, subd. (b)(1).)  And second, "[b]y July 1, 2022, for all other individuals." (§ 1172.75, subd. (b)(2).)

After the trial court receives from the CDCR and county correctional administrator the information included in subdivision (b) of section 1172.75, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)  This part of section 1172.75 divides relief into two parts.  Specifically, the review and resentencing shall be completed "[b]y October 1, 2022, for individuals who have served their base term and any other enhancement and are currently serving a sentence based on the [affected] enhancement" (§ 1172.75, subd. (c)(1)) and "[b]y December 31, 2023, for all other individuals" (§ 1172.75, subd. (c)(2)).

When resentencing a defendant under section 1172.75, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to

promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

## II.    Analysis

Here, it is undisputed defendant neither appeared at his resentencing hearing nor validly waived his right to do so in violation of his constitutional right to be present. That is, a criminal defendant "has a constitutional right to be present at all critical stages of the criminal prosecution, i.e., 'all stages of the trial where his absence might frustrate the fairness of the proceedings' [citation]." (*People v. Rodriguez* (1998) 17 Cal.4th 253, 260.) Sentencing and resentencing proceedings qualify as critical stages in the criminal process. (*People v. Doolin* (2009) 45 Cal.4th 390, 453; *People v. Basler* (2022) 80 Cal.App.5th 46, 57.)

We review this deprivation of rights under the standard set forth in *Chapman v. California* (1967) 386 U.S. 18. (*People v. Cutting* (2019) 42 Cal.App.5th 344, 348.) "Under that standard, the error 'may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding.' [Citations.]" (*Ibid.*)

Here, aside from striking the prison prior enhancement at resentencing, the court, if requested to do so, also had discretion to strike the one-year personal use enhancement in furtherance of justice. (See *People v. Jones* (2007) 157 Cal.App.4th 1373, 1383 [confirming court's authority to strike use of deadly weapon enhancement].) And the public defender's unilateral waiver of defendant's presence from the resentencing hearing

5.

prevented defendant the opportunity to present additional information relevant to his resentencing. Section 1172.75 does not limit the trial court to the record of appeal in deciding how to resentence the defendant. Instead, the court may consider information relating to the defendant's prison conduct and rehabilitation efforts, as well as any evidence bearing on his risk for future violence or whether his continued incarceration would serve the ends of justice. (§ 1172.75, subd. (d)(3).) Because defendant would have had the opportunity to offer favorable evidence on these factors if given the opportunity to attend his resentencing hearing, we cannot conclude his absence from the hearing was harmless beyond a reasonable doubt. Accordingly, the court's order must be vacated and the matter remanded.[1] (*People v. Cutting*, *supra*, 42 Cal.App.5th at p. 350.)

## DISPOSITION

The order striking the section 667.5, former subdivision (b) enhancement is vacated. The matter is remanded for further proceedings consistent with this opinion.

---

[1]We note the parties do not contest the trial court's jurisdiction to rule on the petition for resentencing below. Notably, the record does not affirmatively establish the Secretary of the California Department of Corrections and Rehabilitation and the county correctional administrator identified defendant as a person in their custody currently serving a term for a judgment that includes a now invalid section 667.5, subdivision (b) enhancement as required to initiate proceedings pursuant to section 1172.75, subdivision (b). However, because our disposition would be the same even if the court was without jurisdiction—to vacate and remand the matter—for purposes of this opinion we will assume, without deciding, that the trial court had jurisdiction to resentence defendant pursuant to section 1172.75.