Filed 10/2/24  P. v. Carabay CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>JESSE CARABAY, JR.,<br><br>    Defendant and Appellant. | F087645<br><br>(Super. Ct. No. VCF068660-01)<br><br><br>**OPINION** |

-ooOoo-

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Nathan G. Leedy, Judge.

Patrick J. Hennessey, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Ivan P. Marrs and Edrina Anderson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

[*]Before Peña, Acting P. J., Meehan, J. and Snauffer, J.

**INTRODUCTION**

In 2002, a jury convicted defendant Jesse Carabay, Jr., of two counts of robbery (Pen. Code, § 211; counts 1 & 2) and found true allegations defendant used a deadly or dangerous weapon during the commission of the offenses (§ 12022, subd. (b)(1)). (Undesignated statutory references are to the Penal Code.)  The court found true allegations defendant suffered two prior strike convictions, two prior serious felony convictions (§ 667, subd. (a)) and that he had suffered two prison priors (§ 667.5, former subd. (b)).  Defendant also pled guilty to being under the influence of a controlled substance (Health & Saf. Code, § 11550; count 3).  The court sentenced defendant to 25 years to life on count 1, plus 10 years for the two prior serious felony enhancements, one year for the weapon enhancement, and two years for the prison prior enhancements and a concurrent term of 25 years to life on count 2, plus one year for the related section 12022, subdivision (b)(1) enhancement.  The remaining enhancements to count 2 were stayed and defendant was sentenced to time served on count 3.  After defendant was identified as an individual eligible for resentencing pursuant to Senate Bill No. 483 (2021–2022 Reg. Sess.) (Senate Bill 483), the court struck the two prison prior enhancements, for a new total term of 36 years to life.  Defendant was not present during the hearing and the court did not discuss any other potential reductions in his sentence at the hearing.

On appeal, defendant contends the court erred in proceeding with resentencing without his presence, or his waiver thereof, and it erred in failing to conduct a full resentencing.  The People agree defendant had a right to be present at the hearing and assert, on remand, the court will have the opportunity to conduct a full resentencing.

We, too, agree.  Accordingly, we reverse the court's order and remand for further proceedings consistent with this opinion.

**FACTUAL AND PROCEDURAL HISTORY**

In 2001, defendant was charged with two counts of second degree robbery (§ 211; counts 1 & 2) and the misdemeanor crime of being under the influence of a controlled

2.

substance, namely methamphetamine, opiates, and cocaine (Health & Saf. Code, § 11550, subd. (a); count 3).  Several allegations accompanied the felony counts, including an allegation defendant personally used a deadly and dangerous weapon, a knife, during the commission of the offenses (§ 12022, subd. (b)(1)).  It was further alleged defendant had previously suffered three robbery convictions (§ 211) in 1994 that qualified as strike priors pursuant to section 1170.12, subdivision (c)(2)(a), and prior serious felony convictions pursuant to section 667, subdivision (a)(1).  It was also alleged that defendant suffered two prior convictions for unlawful possession of a firearm in violation of former section 12021, and battery in violation of section 243, subdivision (c) that qualified as prison priors pursuant to section 667.5, former subdivision (b) .

Before trial, defendant pleaded no contest to count 3 (misdemeanor violation of Health & Saf. Code, § 11550).  The jury found defendant guilty of counts 1 and 2 as charged and found true the allegations defendant personally used a deadly weapon (§ 12022, subd. (b)(1)) during their commission.  In a bifurcated proceeding, the court found the special allegations related to prior convictions as to both counts were proven "except one 667(a)(1) … of case #35373."  The court denied defendant's motion to strike a strike pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, and sentenced him to a term of 25 years to life on count 1, plus one year for the personal use of a weapon enhancement (§ 12022, subd. (b)(1), five years each for the two prior serious felony enhancements (§ 667, subd. (a)(1)) and one year each for the two prior prison enhancements (§ 667.5, former subd. (b)).  The court also sentenced defendant to a concurrent term of 25 years to life on count 2, plus one year for the section 12022, subdivision (b)(1) enhancement, and stayed the terms on the prison priors and prior serious felony conviction enhancements as to that count.  Finally, it sentenced defendant to 365 days in county jail on count 3 that was deemed served.

In the direct appeal from the judgment, our court concluded the trial court erroneously imposed one of the prison prior enhancements.  Accordingly, we ordered the

court to strike one of the section 667.5, former subdivision (b) enhancements and to prepare an amended abstract of judgment. However, no amended abstract of judgment appears in the record in this appeal.

The California Department of Corrections and Rehabilitation identified defendant as an individual potentially eligible for resentencing after the passage of Senate Bill 483. Thereafter, in a September 9, 2022, memorandum, the sentencing court indicated it intended to dismiss all of the section 667.5, subdivision (b) allegations and reduce defendant's sentence accordingly unless there was an objection. It further stated, "[i]f there's an objection, place matter on calendar." The public defender was appointed to represent defendant. On February 8, 2023, the district attorney filed a "Response for Resentencing," stating it agreed defendant was entitled to resentencing under section 1172.75; the prison prior enhancement should be stricken; and "defendant suffered other enhancements," so, the People requested "a full resentencing hearing prior to modification of any other term or enhancement."

A resentencing hearing was held on June 2, 2023, during which defendant was not present. The minute order does not indicate defendant waived his right to be present. During the hearing, the court asked defense counsel, "So the question is what do you want to do today?" The court stated it could strike the prison priors, and defense counsel responded, "Let's do that." The court then stated, "The question is whether he gets any other relief on top of that. [¶] You just want to submit on striking the two prison priors today?" Defense counsel responded, "[y]es" to submitting on "striking the two prison priors." Accordingly, the court struck "all the prison priors," reducing the determinate term from 13 years to 11 years, and ordered an amended abstract be prepared.

After defendant filed a petition seeking a belated appeal from the judgment rendered at the June 2, 2023, resentencing hearing, our court issued a writ of habeas corpus on February 8, 2024, deeming the notice of appeal timely filed. In his petition, defendant asserted he was not informed about nor present at the resentencing hearing, and

4.

he learned of the trial court's actions when he received an amended abstract of judgment on August 4, 2023. By that date, the 60-day window to file a timely notice of appeal from the judgment had elapsed. He sent a notice of appeal to the superior court on August 7, 2023. The Attorney General indicated no opposition to defendant's request for relief.

## DISCUSSION

### I. Resentencing Proceedings Under Section 1172.75

Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years. (§ 667.5, former subd. (b).) Effective January 1, 2020, Senate Bill No. 136 (2019–2020 Reg. Sess.) (Senate Bill 136) amended section 667.5 by limiting the prior prison term enhancement to only prior terms for sexually violent offenses as defined in Welfare and Institutions Code section 6600, subdivision (b). (§ 667.5, subd. (b); Stats. 2019, ch. 590, § 1; *People v. Jennings* (2019) 42 Cal.App.5th 664, 681.) Enhancements based on prior prison terms served for other offenses became legally invalid. (*Jennings*, at p. 682.) The amendment was to be applied retroactively to all cases not yet final on January 1, 2020. (*Id.* at pp. 681–682.)

In October of 2021, the Governor signed Senate Bill 483, effective on January 1, 2022, which added section 1171.1 to the Penal Code, subsequently renumbered as section 1172.75. This bill made the changes implemented by Senate Bill 136 retroactive. (Stats. 2021, ch. 728, § 1 ["it is the intent of the Legislature to retroactively apply … Senate Bill 136 … to all persons currently serving a term of incarceration in jail or prison for these repealed sentence enhancements"].) This section declares: "Any sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any enhancement imposed for a prior conviction for a sexually violent offense

5.

as defined in subdivision (b) of Section 6600 of the Welfare and Institutions Code is legally invalid." (§ 1172.75, subd. (a).)

Section 1172.75 establishes a mechanism to provide affected defendants an avenue for relief from now invalid prison prior enhancements. Subdivision (b) directs the Secretary of the Department of Corrections and Rehabilitation (CDCR) and the correctional administrator of each county to "identify those persons in their custody currently serving a term for a judgment" that includes a now legally invalid prior prison enhancement, and to provide the names of such persons, their dates of birth, and the relevant case numbers or docket numbers to the sentencing court that imposed the enhancement. (§ 1172.75, subd. (b).) After the court receives from the CDCR and county correctional administrator the information included in subdivision (b) of section 1172.75, "the court shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)," and if so, "recall the sentence and resentence the defendant." (§ 1172.75, subd. (c).)

Section 1172.75 provides, when resentencing a defendant, the court must "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) "The court may consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice." (§ 1172.75, subd. (d)(3).)

6.

## II. Analysis

Defendant asserts he was not present during the resentencing hearing and never waived his right to be present. Accordingly, he contends a new resentencing hearing must be held to afford him the opportunity to be present and for the court to conduct a full resentencing. The People agree "there is no written waiver executed by [defendant] in the record, nor is there any indication of any valid verbal waiver, as there is nothing in the record to comply with the waiver requirements set forth in section 977, subdivision (b)." And they agree the error cannot be shown to be harmless beyond a reasonable doubt, so remand is necessary on that basis. They acknowledge the remand procedure will provide the trial court the opportunity to conduct a full resentencing hearing in accordance with *People v. Buycks* (2018) 5 Cal.5th 857 and to prepare an updated abstract of judgment. We agree defendant's right to be present at the resentencing hearing was violated and a remand is appropriate.

Here, it is undisputed defendant neither appeared at his resentencing hearing nor validly waived his right to do so in violation of his constitutional right to be present. And a criminal defendant "has a constitutional right to be present at all critical stages of the criminal prosecution, i.e., 'all stages of the trial where his absence might frustrate the fairness of the proceedings' [citation]." (*People v. Rodriguez* (1998) 17 Cal.4th 253, 260.) Sentencing and resentencing proceedings qualify as critical stages of the proceedings. (*People v. Doolin* (2009) 45 Cal.4th 390, 453; *People v. Basler* (2022) 80 Cal.App.5th 46, 57.) We review this error under the standard set forth in *Chapman v. California* (1967) 386 U.S. 18. (*People v. Cutting* (2019) 42 Cal.App.5th 344, 348.) "Under that standard, the error 'may be deemed harmless only if we can conclude beyond a reasonable doubt that the deprivation did not affect the outcome of the proceeding.' [Citations.]" (*Ibid.*)

Aside from striking the prison prior enhancements, the court could reconsider defendant's entire sentence at resentencing, and it had discretion, in part, to strike the

one-year personal use enhancement and prior serious felony enhancements in furtherance of justice and/or consider a renewed *Romero* motion. (See generally *People v. Stamps* (2020) 9 Cal.5th 685, 693 [eff. Jan. 1, 2019, Sen. Bill No. 1393 allows a trial court to dismiss a serious felony enhancement in furtherance of justice]; *People v. Jones* (2007) 157 Cal.App.4th 1373, 1383 [confirming court's authority to strike use of deadly weapon enhancement]; accord, *People v. Williams* (1998) 17 Cal.4th 148, 158 ["In *Romero*, we held that a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, 'in furtherance of justice' pursuant to Penal Code section 1385(a)"].) And defendant's absence from the resentencing hearing prevented him from having the opportunity to present additional information relevant to his resentencing. That is, section 1172.75 does not limit the trial court to the record of appeal in deciding how to resentence the defendant. Instead, the court may consider information relating to the defendant's prison conduct and rehabilitation efforts, as well as any evidence bearing on his risk for future violence or whether his continued incarceration would serve the ends of justice. (§ 1172.75, subd. (d)(3).) Because defendant would have had the opportunity to offer favorable evidence on these factors if he had been permitted to attend his resentencing hearing, we cannot conclude his absence from the hearing was harmless.

Accordingly, a new resentencing hearing is required. (*People v. Cutting*, *supra*, 42 Cal.App.5th at p. 350.) And, as the parties acknowledge, section 1172.75 requires a full resentencing for prisoners whose sentences include a now invalid section 667.5 prior prison term enhancement. (See § 1172.75, subd. (d)(2) [requiring trial court to "apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing"]; see also *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["By its plain terms, section 1172.75, requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements"].) Accordingly, at

8.

resentencing, the court may reconsider defendant's entire sentence.  We express no opinion on how the trial court should exercise its resentencing discretion.

## DISPOSITION

The court's order on defendant's section 1172.75 petition is reversed and the matter is remanded for further proceedings consistent with this opinion.