Filed 12/17/24  P. v. Davila CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JUAN MANUEL DAVILA,<br><br>    Defendant and Appellant. | B334249<br>(Los Angeles County<br> Super. Ct. No. TA045679) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Allen J. Webster, Judge.  Reversed and Remanded.

Ava R. Stralla, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews, Supervising Deputy Attorney General, and Gary A. Lieberman, Deputy Attorney General, for Plaintiff and Respondent.

## INTRODUCTION

Defendant Juan Manuel Davila (Davila) appeals from an order finding him ineligible for resentencing relief pursuant to Penal Code section 1171.1 (1172.75).[1]  Davila contends the court erred by finding him ineligible for resentencing relief, failing to appoint counsel to represent him, and in making a resentencing determination in his absence without obtaining a valid waiver of his right to be present.  We agree and reverse the order finding Davila ineligible for relief and remand the matter for a resentencing hearing consistent with section 1172.75.

## FACTUAL AND PROCEDURAL BACKGROUND

I.  *Conviction and Sentence*

In 1997, a jury convicted Davila of possession of a firearm by a felon (§ 12021, subd. (a)(1)) and possession of a short-barreled shotgun (§ 12020, subd. (a)).  Davila admitted the allegations that he suffered two prior strike convictions within the meaning of the Three Strikes law (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)), and that he served two prior prison terms for those convictions (§ 667.5, subd. (b)).  The trial court sentenced Davila to an aggregate term of 27 years to life, consisting of 25 years to life under the Three Strikes law plus two one-year prior prison term enhancements under section 667.5, subdivision (b).

---

[1]    All further statutory references are to the Penal Code unless otherwise stated.  Effective June 30, 2022, section 1171.1 was renumbered section 1172.75.  (Stats. 2022, ch. 58, § 12.)  For ease of reference, we will refer to the section by its new numbering only.

II.  *Resentencing Proceedings*

In March 2022, the California Department of Corrections and Rehabilitation (CDCR) identified Davila as potentially eligible for resentencing pursuant to Senate Bill No. 483.  (Stats. 2021, ch. 728, § 3.)  On May 31, 2022, Davila's case was assigned to a trial court "for potential eligibility for resentencing" pursuant to Senate Bill No. 483.  On July 5, 2022, the trial court issued a minute order that stated Davila was not eligible for resentencing relief.  The minute order also noted Davila was not present in court or represented by counsel when the court made this determination.

Davila initially failed to appeal the trial court's July 5, 2022, order.  However, on January 24, 2024, we granted Davila's application for relief from default on his appeal and gave him 15 days to file a notice of appeal.  Davila timely filed a notice of appeal on February 1, 2024.

**DISCUSSION**

I.  *Overview of Relevant Law*

When Davila was convicted and sentenced, defendants were subject to a one-year prison term enhancement under section 667.5, subdivision (b), for each true finding that they had served a prior prison term and had thereafter remained free from custody for at least five years.  Effective January 1, 2020, section 667.5, subdivision (b), was amended to limit prior prison term enhancements to prior terms imposed for certain sexually violent offenses. (Stats. 2019, ch. 590, § 1; *People v. Escobedo* (2023) 95 Cal.App.5th 440, 445 (*Escobedo*).)  The Legislature subsequently enacted Senate Bill No. 483, which sought to make these changes to section 667.5 retroactive.  (Stats. 2021, ch. 728, § 1; *Escobedo*, *supra*, 95 Cal.App.5th at p. 445.)  Senate Bill No.

3

483 went into effect on January 1, 2022, and added section 1172.75 to the Penal Code. (*Ibid*.)

Section 1172.75 invalidates prior prison term sentencing enhancements imposed under section 667.5, subdivision (b), unless imposed for a sexually violent offense. (§ 1172.75, subd. (a).) It also requires the CDCR to identify the individuals in its custody currently serving a term for a judgment that includes a prior prison term enhancement. (*Id*., subd. (b).) If the court determines the defendant's judgment includes a prior prison enhancement, the court must appoint counsel, recall the sentence, and resentence the defendant. (*Id*., subds. (c), (d)(5).)

In addition to striking the invalid section 667.5 enhancements, "section 1172.75 requires full resentencing where now-invalid enhancements were imposed." (*People v. Espino* (2024) 104 Cal.App.5th 188, 195, review granted Oct. 23, 2024, S286987; accord *People v. Monroe* (2022) 85 Cal.App.5th 393, 402 ["By its plain terms, section 1172.75 requires a full resentencing, not merely that the trial court strike the newly 'invalid' enhancements"].) In resentencing a defendant, the court must apply current sentencing rules and "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (c), (d)(2).)

Sentencing and resentencing proceedings constitute critical stages of criminal prosecution at which a criminal defendant is entitled to be present. (*People v. Velasco* (2023) 97 Cal.App.5th 663, 674; *People v. Blacksher* (2011) 52 Cal.4th 769, 798–799; *People v. Rodriguez* (1998) 17 Cal.4th 253, 260; *People v. Cutting* (2019) 42 Cal.App.5th 344, 347–348; U.S. Const., 6th & 14th Amends.; Cal. Const., art. I, § 15; §§ 977, subd. (b)(1), 1043.) A defendant may waive the right to be present. (*People v. Mendoza* (2016) 62

Cal.4th 856, 898 [a defendant may waive his right to be present "'as long as his waiver is voluntary, knowing and intelligent'"].)

II.     *Reversal and Remand are Required*

Davila contends the trial court erred in concluding he was ineligible for resentencing relief under section 1172.75.  He also argues he was entitled to be present and represented by counsel at the resentencing hearing.  The Attorney General agrees, as do we.

With limited exception not relevant here, section 1172.75, subdivision (a), invalidated sentence enhancements under section 667.5, subdivision (b), if imposed before January 1, 2020.  (§ 1172.75, subd. (a).)  Upon receiving a referral from the CDCR, "[i]f the court determines that the current judgment includes an enhancement described in subdivision (a), the court shall recall the sentence and resentence the defendant." (*Id.*, subd. (c).)  There is no question that Davila's current judgment includes two sentencing enhancements under section 667.5, subdivision (b).  Those enhancements were rendered invalid by section 1172.75, and the trial court should have recalled and resentenced Davila.  Accordingly, we reverse the court's minute order finding Davila ineligible for resentencing relief and remand for recall and resentencing under section 1172.75.  On remand, Davila is entitled to be present and have counsel appointed for the resentencing hearing.  (§ 1172.75, subd. (d)(5).)

//

//

//

5

**DISPOSITION**

The July 5, 2022, order finding Davila ineligible for resentencing is reversed and the case is remanded with directions for the trial court to strike the section 667.5, subdivision (b), enhancements and recall and resentence Davila pursuant to section 1172.75 after appointing counsel and securing Davila's presence or a valid waiver of his right to be present.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


ZUKIN, J.

WE CONCUR:


CURREY, P. J.


MORI, J.

6