Filed 4/29/26  P. v. Epperson CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BRYAN EPPERSON,<br><br>    Defendant and Appellant. | F089196<br><br>(Super. Ct. No. SF021564A)<br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  David R. Zulfa, Judge.

Dan E. Chambers, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Amanda D. Cary and Hannah Janigian Chavez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Detjen, Acting P. J., Meehan, J. and DeSantos, J.

Appellant Bryan Epperson appeals from the judgment of his conviction for possessing a weapon while in custody (Pen. Code,[1] § 4502, subd. (a).) He was sentenced to a prison term of six years, doubled from the middle term of three years, due to the trial court finding appellant had suffered two prior strike convictions (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d))—a 2014 conviction for possession of a short-barreled rifle (§ 33215), with a gang enhancement (§ 186.22, subd. (b)(1)) and a 2010 conviction for grossly negligent discharge of a firearm (§ 246.3).

On appeal, appellant contends the trial court's true finding on the 2014 strike prior should be remanded for the trial court to determine whether his prior conviction still qualifies as a strike and the trial court's true finding on the 2010 strike prior should be vacated. He argues: (1) the 2014 strike is no longer a strike under *People v. Fletcher* (2025) 18 Cal.5th 576 (*Fletcher*), which recently held the amendments to the gang statutes made by Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333) retroactively apply to strike allegations; (2) there was insufficient evidence to support the trial court's finding appellant's 2010 conviction was a strike because it did not show appellant personally discharged the firearm, and (3) given the above, the denial of appellant's motion to strike a strike prior pursuant to *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 was an abuse of discretion.

The People agree that the true findings on the prior strike convictions should be reversed, and the matter should be remanded for retrial on each strike prior. The People contend, depending on the outcome, appellant can re-raise his *Romero* motion upon remand.

We agree with the parties that the evidence is not sufficient to establish either strike prior. We agree with the People that, as to each strike prior, remand for retrial is appropriate.

---

[1] All further undesignated statutory references are to the Penal Code.

2.

We reverse the true findings on appellant's strike prior allegations and remand the matter for further proceedings. Upon remand, the People may elect to retry either or both of the strike prior allegations; if they do, and succeed in proving the allegations, the trial court shall conduct a resentencing, where appellant may re-raise his *Romero* motion. If the People do not elect to retry either or both of the strike priors, the court shall resentence appellant in accordance with the applicable sentencing laws. In all other respects, the judgment is affirmed.

## RELEVANT PROCEDURAL BACKGROUND

Appellant was charged by amended information with possession of a weapon while in custody (§ 4502, subd. (a); count 1). The amended information alleged appellant had suffered two prior strikes (§§ 667, subd. (b)–(i); 1170.12, subd. (a)–(e)): a 2010 conviction of grossly negligent discharge of a firearm (§ 246.3) and a 2014 conviction of possession of a short-barreled shotgun (§ 33215) with a gang enhancement (§ 186.22, subd. (b)(1)). Several aggravating circumstances were also alleged.

A jury found appellant guilty of count 1. Appellant waived his right to a jury trial on the strike priors and the aggravating circumstances and requested a bifurcated court trial.

At the bifurcated court trial, conducted on December 13, 2024, the People introduced certified copies of appellant's booking photo and CII number; his RAP sheet; and 969b packets and dockets for the prior cases. After reviewing the evidence, the trial court found appellant had suffered the strike convictions.[2] The court also found the alleged aggravating circumstances true.

---

[2] The trial court's finding as to the 2014 conviction was made without prejudice pending briefing on the issue of whether the Assembly Bill 333 amendments applied. At sentencing, the court acknowledged the split in authority as to the issue and decided to follow the line of authority finding the 2014 conviction was still a strike without applying the more stringent definitions under Assembly Bill 333 and denied appellant's request to reverse the true finding.

3.

Appellant's sentencing was conducted on January 15, 2025. The trial court denied appellant's *Romero* motion and sentenced appellant to the middle term of six years, doubled from three years due to the strike priors.[3]

## DISCUSSION

### I. The 2014 Strike Prior

In 2022, Assembly Bill 333 went into effect and made changes to the law on gang enhancements, including narrowing the definitions of a " 'criminal street gang,' " and "pattern of criminal activity." (*People v. Tran* (2022) 13 Cal.5th 1169, 1206.) Our Supreme Court issued its opinion in *Fletcher*, *supra*, 18 Cal.5th 576 on August 25, 2025, about nine months following appellant's court trial on the priors and eight months following appellant's sentencing.

In *Fletcher*, the Supreme Court resolved a split among the Courts of Appeal, holding that "where a defendant has suffered a conviction under the prior version of section 186.22, Assembly Bill 333 applies to the determination of whether the conviction qualifies as a prior serious felony conviction under subdivision (c)(28) of section 1192.7 for purposes of the Three Strikes law and prior serious felony enhancements." (*Fletcher*, *supra*, 18 Cal.5th at p. 583.) "Under [*In re*] *Estrada* [(1965) 63 Cal.2d 740] and [*People v.*] *Tran*, [*supra*, 13 Cal.5th 1169] the current law applicable to [a] nonfinal proceeding includes Assembly Bill 333's redefinition of the elements of gang offenses and enhancements under section 186.22." (*Fletcher*, at p. 607.)

The parties agree, as do we, that pursuant to *Fletcher*, *supra*, 18 Cal.5th 576, the true finding on appellant's 2014 strike prior must be reversed.

---

[3] Appellant was also sentenced on a violation of probation case and a violation of postrelease supervision case unrelated to the issues on appeal.

A prior conviction qualifies as a strike for the purposes of the Three Strikes law if it is a violent felony as defined by section 667.5, subdivision (c) or a serious felony as defined by section 1192.7, subdivision (c). (§§ 667, subd. (d)(1); 1170.12, subd. (b)(1).)

Here, appellant's prior conviction in 2014 was for possession of a short-barreled rifle (§ 33215), with a gang enhancement (§ 186.22, subd. (b)(1)). The underlying felony is not listed as a violent felony under section 667.5, subdivision (c) nor a serious felony under section 1192.7, subdivision (c). Thus, it is only considered a serious felony due to the attached gang enhancement. (See § 1192.7, subd. (c)(28).) Pursuant to *Fletcher*, the 2014 conviction cannot qualify as a serious felony, and therefore a strike, because the People did not prove the elements of section 186.22 as amended by Assembly Bill 333.

We therefore reverse the trial court's finding the prior conviction qualified as a serious felony within the meaning of the Three Strikes law. On remand, the People may elect to retry whether the prior conviction qualifies as a serious felony applying the elements of section 186.22 as amended by Assembly Bill 333. (*Fletcher*, *supra*, 18 Cal.5th at pp. 607–608.)

## II.     The 2010 Strike Prior

The parties also agree, as do we, that there was insufficient evidence to support the trial court's true finding that appellant's 2010 conviction for grossly negligent discharge of a firearm (§ 246.3) qualified as a strike prior.

A violation of section 246.3 is not specifically listed as a violent felony under section 667.5, subdivision (c) nor a serious felony under section 1192.7, subdivision (c). A violation of section 246.3 can only be used as a strike if appellant personally used the firearm. (§ 1192.7, subd. (c)(8), (23).) However, it is "possible to be convicted of grossly negligent discharge of a firearm under section 246.3 without personally using a firearm, e.g., as an aider and abettor." (*People v. Golde* (2008) 163 Cal.App.4th 101, 112.)

5.

The People in this case presented evidence only of appellant's conviction, and not any information regarding the conviction's underlying facts. Thus, the People "proved nothing more than the least adjudicated elements" of the prior conviction. (*People v. Rodriguez* (1998) 17 Cal.4th 253, 262.) Because there was no admission or evidence that appellant personally used a firearm, which would qualify his prior section 246.3 conviction as a serious felony pursuant to section 1192.7, subdivision (c) the trial court's true finding was in error. "[T]he remedy in such a case is remand for retrial at the prosecution's election." (*People v. Golde*, *supra*, 163 Cal.App.4th at p. 113 citing *People v. Barragan* (2004) 32 Cal.4th 236, 239.) The People ask for remand for retrial.

We therefore reverse the finding and remand the matter for retrial.

## III.    Denial of Appellant's *Romero* Motion

Appellant contends that the trial court abused its discretion in denying his *Romero* motion and contends that he is entitled to reconsideration of his motion in light of his arguments on appeal. The People appear to agree that following remand, if the People choose to retry the strike priors and one or both are found true, appellant will be entitled to resentencing as the retrial on the strike allegations may "elicit new facts or information that could impact the trial court's sentencing decisions." At that time, the People contend, appellant may re-raise his *Romero* motion. Appellant did not file a reply brief and thus appears to agree with this remedy.

## DISPOSITION

The true findings on appellant's prior strike conviction allegations are reversed, and the matter is remanded to the trial court. Upon remand, the court is directed to give the People the opportunity to retry the strike allegations. If the People prove the allegations in a manner consistent with this opinion, the court shall conduct a resentencing. If the People choose not to retry both strike allegations, the court shall resentence appellant without applying the Three Strikes law. In all other respects, the judgment is affirmed.

6.