Filed 1/27/25  P. v. Smith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

|  |  |
|---|---|
| THE PEOPLE, | C100270 |
| Plaintiff and Respondent, | (Super. Ct. No. CR-2005-468) |
| v. | |
| STEVE ALAN SMITH, | |
| Defendant and Appellant. | |

Defendant Steve Alan Smith beat his wife into unconsciousness in front of their children and was found guilty of several domestic violence related offenses; he was sentenced as a third strike offender to an aggregate term of 57 years to life in prison, and the judgment was affirmed on appeal.  (*People v. Smith* (Apr. 19, 2007, C050287) [nonpub. opn.] (*Smith*).)

1

Later, in defendant's absence, the trial court partially granted his Penal Code section 1172.75[1] petition for recall and resentencing, striking several enhancements, including two no longer valid prior prison term enhancements, but again declining to strike defendant's prior strike convictions. The trial court reimposed terms of 25 years to life on two counts for a total aggregate sentence of 50 years to life.

On appeal, the parties agree, and we concur, that the trial court erred in conducting the resentencing hearing without defendant present. Because we do not find the constitutional error harmless beyond a reasonable doubt, we shall reverse and remand for further resentencing proceedings.

BACKGROUND

A.    *The Charges, the Verdicts, and the Sentence*

We summarize the pertinent facts from our prior opinion in *Smith, supra*, C050287. In October 2004, defendant's wife was living with her two teenaged daughters in an apartment in West Sacramento. Defendant had been away for a long period of time, and in the interim, his wife had a boyfriend. After returning and finding letters from the boyfriend, defendant attacked his wife with a tree branch, choked her, shoved her against a dumpster, and hit her head against it. Later, while their daughters were present, defendant repeatedly struck his wife in the face with a phone, causing her to lose consciousness. As a result of the attack, defendant's wife suffered a broken nose, missing teeth, and brain injuries; she had a stroke from an injury to her carotid artery, remained in the hospital and a nursing home for four months, and continued to experience partial paralysis at the time of trial.

---

[1]    Undesignated section references are to the Penal Code. This statute was formerly section 1171.1, but effective June 30, 2022, it was renumbered and amended by Assembly Bill No. 200 (2021-2022 Reg. Sess.) to section 1172.75. (Stats. 2022, ch. 58, § 12.)

A jury found defendant guilty of (1) inflicting corporal injury on a spouse (§ 273.5, subd. (a); count 1), with special findings of great bodily injury involving domestic violence (§ 12022.7, subd. (e)) and use of a deadly weapon (phone) (§ 12022, subd. (b)(1)); (2) misdemeanor assault (§ 240; count 2), as a lesser included offense of assault with a deadly weapon (tree branch); (3) assault with a deadly weapon (phone) (§ 245, subd. (a)(1); count 3), with a special finding of great bodily injury involving domestic violence (§ 12022.7, subd. (e)); (4) two counts of misdemeanor inflicting mental suffering on a child (§ 273a, subd. (b); counts 4 & 5), as a lesser included offense of felony child abuse; (5) removing a telephone line (§ 591; count 6); and (6) dissuading a witness (§ 136.1. subd. (b)(1); count 7). The trial court found defendant had two prior felony convictions under the Three Strikes law (§§ 667, 1170.12) and had served two prior prison terms.

The trial court imposed consecutive 25-year-to-life state prison terms for the corporal injury and dissuasion convictions. Defendant received consecutive determinate terms totaling five years for the enhancements attached to the corporal injury offense, plus one year each for the prior prison term enhancements. The court imposed jail time for the misdemeanors but deemed that portion of the sentence already served. Under section 654, the court stayed the sentences on the assault with a deadly weapon and removing a telephone line convictions. Defendant's total aggregate sentence was a seven-year determinate term and a 50-year-to-life indeterminate term.

B.    *Subsequent Resentencing Petitions*

In April 2022, defendant moved in pro. per. for resentencing under former section 1171.1 (now § 1172.75), which invalidated certain prior prison term enhancements imposed for nonsexually violent offenses.[2] Defense counsel's subsequent resentencing

---

[2]    Defendant's motion also cited former section 1171, now renumbered to section 1172.7, which, with certain exceptions, invalidated drug enhancements imposed prior to

3

brief asked the trial court to: (1) dismiss his two prior prison term enhancements as invalid under section 1172.75, subdivision (a); (2) strike his strike priors (a 1976 first degree robbery conviction and a 1978 conviction for assault with a deadly weapon, which he committed when he was 19 and 21 years old, respectively) under section 1385, subdivision (a) and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497; and (3) dismiss his other enhancements under section 1385, subdivision (c) given the presence of certain mitigating factors.[3]

The People filed an opposition brief, agreeing that the trial court should strike the prior prison term enhancements but asking that the remainder of defendant's sentence remain unchanged. In opposing a further reduction, the People cited, among other things, the nature of defendant's commitment offenses, his lengthy and violent criminal history, his lack of rehabilitation appropriate for his domestic violence offenses, and the failure to prove that any of the cited mitigating factors were connected to the commission of the offenses. They attached a copy of this court's opinion in *Smith, supra*, C050287, as well as transcripts of the preliminary hearing and the original sentencing hearing, among other exhibits.

---

January 1, 2018, pursuant to Health and Safety Code section 11370.2. (§ 1172.7, subd. (a).) No such drug enhancement was imposed in this case, however. Defendant also filed petitions for resentencing under section 1170.126, a provision adopted in November 2012 as part of Proposition 36, the Three Strikes Reform Act of 2012 (Gen. Elec. (Nov. 6, 2012)), and section 1170.18, subdivision (a), adopted by the voters in November 2014 as part of Proposition 47, the Safe Neighborhoods and Schools Act (Gen. Elec. (Nov. 4, 2014)). These petitions are not at issue in this appeal.

[3]    In 2023, defense counsel also filed a challenge to the validity of defendant's convictions under the Racial Justice Act (§ 745, subd. (d)). The parties and the trial court agreed to bifurcate the Racial Justice Act claim from the resentencing petition under section 1172.75 and the *Romero* motion. Defendant's Racial Justice Act claim is not at issue in this appeal.

In reply, defendant argued striking his strike priors was in the interest of justice given his youthfulness at the time of the strikes, his mental health during the prior and current offenses, and his postconviction rehabilitation efforts.

C.     *Resentencing Hearing*

Following multiple continuances, the trial court set a resentencing hearing on January 5, 2024, and ordered defendant to appear.  Defendant did not appear telephonically from prison for the January hearing as the trial court and counsel anticipated.  Despite his unexplained absence, the court proceeded with the resentencing hearing.

After considering lengthy written submissions by the parties, and hearing argument, the trial court declined to exercise its discretion to strike one or more of defendant's prior strike convictions and reimposed terms of 25 years to life on the corporal injury and dissuasion counts.  The court struck the two prior prison term enhancements, and then found that defendant's evidence in mitigation warranted dismissing the great bodily injury enhancement (§ 12022.7, subd. (e)) and the weapon enhancement (§ 12022, subd. (b)(1)), reducing defendant's sentence to 50 years to life in state prison.

Defendant timely appealed.

DISCUSSION

Both the federal and state Constitutions guarantee a criminal defendant the right to be personally present at trial.  (U.S. Const., 6th & 14th Amends.; Cal. Const., art. I, § 15.) This right extends to all "critical stages of the criminal prosecution," including sentencing and resentencing hearings.  (*People v. Nieves* (2021) 11 Cal.5th 404, 508 (*Nieves*); *People v. Rodriguez* (1998) 17 Cal.4th 253, 257 ["The People . . . do 'not dispute that a defendant has an absolute right to be present at a sentence modification hearing and imposition of sentence' "].)  While a defendant may waive the constitutional right to be present for sentencing, the waiver must be voluntary, knowing, and intelligent.  (*Nieves,*

*supra*, at p. 508.)  Under section 977, a defendant must execute a written waiver or have previously entered an oral waiver of the right to be present in open court.  (§ 977, subd. (b)(1)-(2).)

Here, it is undisputed that defendant was not present during the resentencing hearing.  Nothing in the record indicates defendant validly waived his right to be present.  Instead, the trial court and the parties anticipated that defendant would participate in the hearing remotely from prison, but for reasons unknown, defendant did not appear.  After acknowledging defendant would need assistance from prison officials to participate in the hearing telephonically while incarcerated and that there had been no waiver, the court proceeded with the resentencing hearing hoping that defendant might join the hearing at some point.  This was an error.  We therefore consider whether the error prejudiced defendant.  (*Nieves, supra*, 11 Cal.5th at p. 508 [defendant's absence when restitution fines were imposed harmless beyond a reasonable doubt where defense counsel was present, raised defendant's inability to pay the restitution fine and disputed payment of direct victim restitution, and there was nothing in the record to indicate that defendant would have added any significant information about her inability to pay beyond that presented by defense counsel].)

The People note that defense counsel was present at the resentencing hearing and that defendant had submitted extensive materials to the trial court before the hearing, which the trial court considered before ruling.  These included defendant's social history, character letters and letters in support of resentencing, Department of Corrections and Rehabilitation records, and a detailed 20-page statement from defendant describing his remorse, his personal growth while incarcerated, his future plans if released, his plans to avoid substance abuse relapse and criminality, and his support network.  They argue there was little more defendant could have added at the hearing thus rendering any error harmless beyond a reasonable doubt.

6

Defendant contends he is entitled to a new resentencing hearing because the error cannot be deemed harmless. Relying primarily on *People v. Cutting* (2019) 42 Cal.App.5th 344, 350, defendant asserts that he could have offered other mitigating factors, shown remorse, or made a plea for leniency that the trial court might have found compelling had he been personally present at the hearing. In *Cutting*, the appellate court held that it could not conclude beyond a reasonable doubt that the defendant's presence at a resentencing hearing would not have influenced the trial court's exercise of its discretion, thus potentially affecting the outcome. (*Id.* at p. 346.) In reversing for further resentencing proceedings, the court reasoned that the defendant "may have offered mitigating factors that arose after his original sentencing; he may have expressed remorse; [or] he may have made a plea for leniency." (*Id.* at p. 350.)

We believe defendant has the better argument. While it is true that defendant submitted detailed information to the trial court before the resentencing hearing, like in *Cutting*, we cannot conclude beyond a reasonable doubt that defendant might not have offered something additional at the hearing, if he chose to address the court, which might have persuaded the court to sentence him more leniently. Defendant, however, was never given an opportunity to make these additional arguments. Remand is, therefore, necessary to ensure a resentencing proceeding that is just under the circumstances, including a hearing at which both the People and defendant may be present and advocate for their respective positions.[4] (*People v. Cutting, supra*, 42 Cal.App.5th at p. 350.)

---

[4] We note that during the resentencing hearing the trial court stayed terms on counts 3 and 6 under section 654 without first imposing a term on those counts. Following remand, the trial court should orally impose a term for each count, and then stay any term to which it determines section 654 applies. (See e.g., *People v. Alford* (2010) 180 Cal.App.4th 1463, 1469, 1472-1473 [a trial court must impose sentence on all counts but stay execution of sentence as necessary to prevent multiple punishments under section 654].)

7

## DISPOSITION

The judgment following resentencing is reversed, and the matter is remanded to the trial court to conduct a resentencing hearing at which defendant is present, unless defendant waives his right to be present at this critical stage of the proceedings.

 

_____\s_____,
Krause, J.

We concur:

_____\s_____,
Hull, Acting P. J.

_____\s_____,
Mesiwala, J.

8